(Opinion published 52 N. W. Rep. 915.)

---

JOHN A. LINGREN *et al. vs.* NILS G. NILSEN *et al.*

Argued June 22, 1892.   Decided July 13, 1892.

**Evidence Considered.**

> Evidence *held* insufficient to entitle the appellant, a lien claimant, to a lien upon the premises in controversy.

Appeal by defendant, William Gillen, from an order of the District Court of Hennepin County, *Canty*, J., made December 4, 1891, denying him a new trial.

John A. Lingren and others begun this action to foreclose their lien on a brick house and the lot on which it stood, viz., lot three (3) in block ten (10) in South Side Addition to Minneapolis. They made the owner, Nils G. Nilson, defendant, and joined with him all the other lien claimants. One of them, William Gillen, had done

work upon a frame house built by Nilson on lot four (4) and afterwards removed to lot two (2). Gillen made and filed his claim for a lien on lot two (2) and the frame house standing on it, but in his answer in this case he sought to make his claim $960.20 a lien on lot three, (3,) the only one in question in this case. He did not succeed, and brought this appeal.

*R. P. Hoskyn,* for appellant.

*George E. Budd,* for respondent.

PER CURIAM. This action was originally brought by Lingren & Co. as plaintiffs to enforce a lien against Lot three (3) in Block ten (10) South Side addition to Minneapolis, for materials by them furnished to the owner, one Nilsen, and used in the construction of a dwelling house thereon. Gillen and the Lombard Investment Company were joined as parties defendant. The investment company claims to have a mortgage upon the premises, and the defendant Gillen, by his pleading in the nature of a complaint in the action, sets up an affirmative claim for a lien for work done and materials furnished in the erection of a certain frame dwelling house "on the lot of land in the complaint described," which, as we have seen, was Lot three (3) in Block ten, (10,) above mentioned. The evidence shows that under the contract between the parties the frame house in question was to be erected upon lot three (3.) It was not, however, built on that lot, but was by mistake built on lot four, (4,) in the same block, and afterwards removed to lot two (2.) In the mean time the owner had caused a brick house to be erected upon lot three (3.)

The defendant Gillen made out and filed his statement and a claim for a lien for the work and material furnished in the construction of the frame dwelling house referred to, in which statement the building is described as situated upon lot two, (2,) and he therein claims a lien therefor upon lot two (2) and not upon lot three (3.)

His claim could not, therefore, be allowed in this action, but was properly disallowed, and his complaint dismissed.

Order affirmed.

(Opinion published 52 N. W. Rep. 915.)

An application for reargument was denied October 4, 1892.