### CALDWELL v. MYERS.

1.   When a special contract is terminated by an employer against the will of the contractor, and the contractor elects to consider the contract as rescinded, and the work under the contract is stopped, the contractor can recover the actual value of the work done and material furnished.
2.   When a contractor elects to consider the contract rescinded, and brings his action for work, labor and material generally, the rule of damages is the actual value of what has been done under the contract.

(Syllabus by the Court.    Opinion filed February 17, 1892.)

Appeal from circuit court, Beadle county.    Hon. A. W. CAMPBELL, Judge.

Action for work and labor performed.    Defendant sets up a special contract and its non-performance.    Plaintiff replies that defendant prevented performance.    Judgment for plaintiff. Defendant appeals.    Affirmed.

*Davis & Null*, for appellant.

Where work and labor is performed under a special contract fixing the price, *quantum meruit* cannot be sustained. Chitty Con. 539–636; Weston v. Dannes, Douglas 23; Toussant v. Martinwant, 2 Term. 104; Cutler v. Yowell, 6 Term. 324;

Hull v. Highman, 2 East, 145; Young v. Paxton, 4 Crauch, 239; Raymond v. Baunard, 12 Johns. 274; Tuttle v. Mayo, 7 Id. 132; Will v. Ogden, 13 Id. 56; Pierce v. Drake, 15 Id. 475; Camplin v. Butles, 18 Id. 169; Wood v. Edwards, 19 Id. 205; Robertson v. Lynch, 18 Id. 456; Miller v. Watson, 4 Wend. 275 ; Shote v. Darr, 5 Id. 206; Wright v. Butler, 6 Id. 284; Fewell v. Schreappel, 4 Cow. 564; Fuller v. Hubbard, 6 Id. 17; Corville v. Besly, 2 Denio, 137; Russell v. South Brittain, 9 Conn. 522; Londregon v. Crowley, 12 Id. 561; Christy v. Price, 7 Mo. 433; Stallings v. Sappington, 8 Id. 119; Chambers v. King, 8 Id. 519; Walker v. Brown, 28 Ill. 382; Whitney v. Sullivan, 7 Mass. 109; Morrison v. Ives, Smedes & M. 652; Pringle v. Samuels, 1 Bibb. 172; Charles v. Dang, 14 Me. 387; Bond v. Corbett, 2 Minn. 214; Sutherland Damages, 2 Vol. 454. The complaint should state the contract, the full performance or excuse for non-performance. O'Connor v. Dingley, 26 Cal. 21; Atkinson v. Collins, 18 How. 237; same case, 30 Barb. 430; Bliss Code Pl. 157, note 2; Young v. Paxton, 4 Crauch, 239; Eckel v. Murphey, 10 Pa. 488; Alges v. Alges, 20 Id. 235; Harris v. Liggett, 1 Id. 306. An answer setting up a special contract is a complete defense to the action of *quantum meruit.* Sharpe v. Johnson, 60 Barb. 147; same 41 Id. 400; Atkinson v. Collins, 30 Barb. 430; Bond v. Corbett, 2 Minn, 214. The recovery must be a *pro rata* of the contract price. Bank v. Patterson, 7 Crauch, 299; Chicago v. Lilley, 103 U. S. 146; Holmes v. Stummel, 24 Ill. 370; Parker v. Emery, 28 Me. 493.

*Melville & Langley* for respondent.

The party rescinding a special contract must offer to return to the other party everything of value he has received under the contract to confine the recovery to a *pro rata* share of the contract price. 1 N. W. 170; 4 Wend. 285; 66 Barb. 23; 22 Barb. 243; 34 Mich. 135; 47 Barb. 574; 5 Mich, 454; 48 Mich. 352; 19 Am. Dec. 269. Plaintiff in this case can recover on *quantum meruit.* 43 Ia. 339; 12 Iowa, 488; Miller v. Watson, 4 Wend. 275; 7 Wend. 123; 14 Wend. 99; 16 Wend. 636; 4 Cowan, 564; 12 Wend. 386; 4 New York, 412; 9 Iowa, 403; 12 Id. 488; 1 G. Gr. 380; 43 Iowa, 339; 33 Id. 24; 2 Id. 463; 5 Mich. 454; 48

Mich. 551; 34 Mich. 135; Button v. Turner, 6 N. H. 481; 3 Barb. 291. Defendant may plead the special contract to lessen the quantum of damages. Koon v. Greenman, 7 Wend. 123; 51 How. Pr. 5; 5 Mich. 455.

BENNETT, J. The parties entered into a contract on the 25th day of September, 1886, whereby plaintiff agreed to do all the painting, according to certain plans and specifications, in, upon and about two brick buildings belonging to defendant, situated in the city of Huron. For doing this work the defendant was to pay the plaintiff the sum of $150 upon the completion of the work. In accordance with said contract, plaintiff commenced to perform his part of it, but, after he had performed services and furnished material under said contract of some considerable value, defendant, by his own act, prevented the plaintiff from completing the work under the contract, by ordering plaintiff's servants off the buildings, and by force deterring them from completing the same, which was the reason why the contract was not fully performed by plaintiff. Plaintiff subsequently demanded payment for the value of the work he had done, and for the value of the material furnished, which was refused by the defendant. Plaintiff then brought this action against defendant for work and labor done and for material furnished upon a *quantum meruit* account. Defendant, answering, denies the matters set up in the complaint, and alleges that the labor and material performed and furnished by plaintiff was performed and furnished under a special contract, which contract has not been performed. The reply of plaintiff admits the special contract, but alleges that his failure to fully perform and execute the contract was because the defendant prevented him from doing so, and therefore he is entitled to the value of his work and material. When the cause came on for trial, defendant objected to the introduction of any evidence to support the complaint, because plaintiff seeks to recover upon an implied promise in law for the value of services rendered and material furnished under a special contract. This objection was overruled by the court, and plaintiff obtained a judgment for the value of both labor and material.

The only question presented is, can a party recover, upon a *quantum meruit* complaint, for work and material furnished under a special contract, when he has failed to perform his part thereof because he was prevented from performance by the party for whom the work and material was to be furnished? or whether the contract under which the work was performed and material furnished is to govern the right of recovery. The contract in the case at bar under which the plaintiff did the work and furnished the material was an entire contract. A performance on his part was a condition precedent to any liability upon the part of the defendant, unless the plaintiff could establish such a state of facts or circumstances as would excuse him from the full performance of it. The rule that when parties have come to an express contract none can be implied has prevailed so long as to be reduced to an axiom in law. This is of universal application, especially as to unexecuted contracts. The exception is in the case of an abandonment or rescission of the original contract by mutual consent or other good cause. Mr. Greenleaf in his work on evidence, (volume 2, § 104,) says the law on the subject may be reduced to three general rules; the second of which is the one applicable to the question presented in the record before us, and is as follows: "When the contract, though partly performed, has been either abandoned by mutual consent or rescinded and extinct by some act on the part of defendant, the plaintiff may resort to the common counts alone for remuneration for what he has done under the special agreement. But in order to do this it is not enough to prove that the plaintiff was hindered by the defendant from performing the contract on his part, for we have seen that in such case he must sue upon the agreement itself. It must appear from the circumstances that he was at liberty to treat it as at an end." It will thus be seen that the rule, when the common law rules of practice prevail, is that, unless there has been an abandonment or rescision of the contract, or such a departure from it as will evidence the intention of the parties to treat it as at an end, an action founded upon an implied promise at law will have been prematurely brought, and cannot recover. Has

this rule been changed by the Code of Civil Proceedure? We think not. It was, however; the intention of the legislature in adopting the Code of Civil Proceedure to abrogate the common law rules of pleading, having for their object the preservation of the several forms of action, and the distinctive allegations employed in each class. The language of the Code of Civil Proceedure is that "there shall be in this state but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a 'civil action.'" § 4830. The complaint in all actions must contain a statement of the facts constituting the cause of action in ordinary language. But these provisions do not change the rule as adopted by the common law practice in relation to pleading, when a recovery is sought on *quantum meruit* counts, where the work and material was furnished under a special contract, when the contract has been abandoned, or plaintiff has been hindered in performing his contract by the act of defendant. The New York court of appeals in the case of Farron v. Sherwood, 17 N. Y. 227, held that the Code had not changed the former rule of pleading in this respect. The supreme court of Indiana has held that the rule of common law pleading which enabled the common counts to sustain evidence of special contracts is still in force, and that it applies when the special contract has been performed in part, and its full performance is prevented or dispensed with by the defendant. Kerstetter v. Raymond, 10 Ind. 199. In the case of Friermuth v. Friermuth, 46 Cal. 42, the plaintiff was allowed to prove a special contract under a *quantum meruit* count as a measure of what the services were worth. "The courts administering the Code do not, however, require the pleader to rely upon the agreement, but hold the common law rule to be still in force." Bliss, Code Pl. § 156.

In the case at bar the plaintiff insists that the original contract was rescinded and abandoned by reason of his being prevented in the prosecution of the work and fulfilling of the contract by the will and force of the defendant, and for the reason the contract was annulled. The evidence shows without

contradiction that plaintiff was prevented by the act of defendant from performing the contract on his part. The abandonment of the contract was not a free, voluntary act of the plaintiff. After he was ordered away from the building, and forcibly resisted by the defendant, he several times attempted to fulfill his contract. Under these circumstances, if he was justified in treating the contract as at an end,—and no question is raised on this point,—he has his election to treat the contract as rescinded, and he can recover on a *quantum meruit* the value of his labor and material, or he may sue upon the agreement, and recover for the work and material furnished according to the contract, and for the loss in profits or otherwise which he had sustained. The case of Clark v. Mayor, 4 N. Y. 343, is a case in point, and the court says: "But when the contract is terminated by one party against the consent of the other the latter will not be confined to the contract price, but may bring his action for a breach of the contract, and recover as damages all he may lose by way of profits in not being allowed to fulfill the contract, or he may waive the contract, and bring his action on the common counts for work and labor generally, and recover what the work is actually worth. But in the latter case he will not be allowed to recover as damages anything for speculative profits, but the actual value of the work and material must be the rule of damages. * * * If the party seeks to recover more than the actual worth of his work, in a case where he has been prevented from performing the entire contract, he must resort to his action directly upon the contract; but when he elects to consider the contract rescinded, and goes upon the *quantum meruit* the actual value is the rule of damages." In Iowa, as is stated in the opinion of the supreme court in the case of Wolf v. Gerr, 43 Iowa, 341: "It is now the settled doctrine in this state that a party who has failed to perform in full his contract may recover compensation for the part performed, less the damage occasioned by the failure." This is much further than we are asked to go in the case at bar, or is necessary for us to go, in order to affirm the decision of the court below. While there

may be some conflicting decisions upon the point in issue, yet we think the rule adopted by the courts of New York is the consistent one, viz: that when parties have entered into a special agreement in regard to certain matters, and one of them is prevented from fully performing his part of the contract by the other, he is entitled to the full value of his work and material furnished under the contract, and an action based upon *quantum meruit* counts can be maintained, and an answer alleging a special contract will not defeat such an action. No error appearing in the court below, its judgment is affirmed. All the judges concurring.