## CRANMER v. KOHN *et al.*

1. In an action for a breach of contract, the contract itself must furnish the
measure of damages; and the amount recovered cannot, except in the
cases specified in section 4617, Comp. Laws, exceed the amount the party
could have gained by a full performance of the contract on both sides.

2. Where a traveling salesman is, by the terms of his contract, to be paid for
his services by a percentage upon the amount of his sales, and he is pre-
vented by the wrongful act of his employer from completing his con-
tract, the measure of damages is the amount he could have made on his
sales had he been permitted to complete his contract, and not the value
of his monthly services as salesman generally.

3. Where, on the trial of such an action, the plaintiff is permitted, over
proper objections made, to testify as to the value of his monthly ser-
vices generally as a traveling salesman, and such evidence is submitted
to the jury, it is error for which the judgment will be reversed.

(Syllabus by the Court. Opinion filed July 27, 1895.)

Appeal from circuit·court, Edmunds county. Hon. HOWARD
G. FULLER, Judge.

Action for damages for breach of contract. Judgment for
plaintiff, and defendants appeal. Reversed.

The facts are stated in the opinion.

*C. H. Brown and Mellette & Case* (*L. E. Gaffy*, of counsel)
for appellants.

Oral testimony cannot be received to interpret the meaning of
a written contract. Bishop Cont. 371; Martin v. Cole, 104 U. S.

30.   No damages can be recovered for a breach of a contract which are not clearly ascertainable, both in their nature and origin.   Section 4581, Comp. Law; Johnson, 18 S. W. 476; Cahn v. Western, 46; Fed. 40; Sutherland Damages, 94.

S. H. Cranmer and L. W. Crofoot for respondent.

When a contract and breach are set out, a demurrer on the ground that no cause of action is stated will not lie, and at least nominal damages may be recovered.   Wilson v. Clarke, 20 Minn. 367; Rider v. Pond, 19 N. Y. 262; 1 Sutherland Damages, 763; 5 Am. & Eng. Ency. Law 49.   A prayer for relief is no part of a statement of a cause of action.   2 Wait's Prac. 453; §5097 Comp. Laws; 1 Estee's Pl. 199; Nevada v. Kidd, 37 Col. 282.   Profits which would certainly have been realized but for the defendant's default are recoverable in an action for breach of contract.   Griffin v. Colver, 16 N. Y. 491; 3 Sutherland Damages, 157; Mueller v. Bethestda, 50 N. W. 319; Freeman v. Clute, 3 Barb. 424; Rogers v. Beard, 20 How. Pr. 102; Blanchard v. Ely, 21 Wend. 342; Howe v. Bryson, 44 Ia. 159.

CORSON, P. J.   This is an action to recover damages for breach of contract.   Verdict and judgment for the plaintiff, and the defendant appeals.   The more important provisions of the contract are as follows:   "That this contract shall be operative from Jan. 1st, 1888, to December 31st, 1888, both inclusive; that the said party of the second part hereby enters into the employ of the party of the first part to sell clothing at wholesale in such territory and at such prices as the party of the first part shall direct, in consideration of which the said party of the second part is to receive a salary of twenty-two hundred dollars ($2,200.00), payable in monthly installments, and shall be allowed not more than sixteen hundred dollars ($1,600.00) for traveling expenses while traveling in the service of the first party.   The above obligations on the part of the party of the first part are based upon the agreement of the party of the second part to devote all his time and attention to the furtherance of the Kohn Brothers' business, and

that his sales shall reach the sum of not less than fifty thousand dollars ($50,000.00) for the year 1888. In case the sales of the second party for the year 1888 shall exceed the sum of fifty-five thousand dollars ($55,000.00), then the second party shall receive a commission of six per cent. (6 per cent.) on whatever the amount of the excess may be. If the sales of the said party of the second part shall not reach the sum of fifty thousand dollars ($50,000.00), then his account shall only be credited with seven and three-fifths per cent. on the amount of his sales." The plaintiff alleges in his complaint that he entered upon his duties as such traveling salesman, and continued to so perform them for a period of nine months, when he was wrongfully prevented from making further sales by the defendent, and that he was damaged in the sum of $988.21.

Upon the first witness on the part of the plaintiff being called, the defendant objected to any evidence being given, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was overruled, and the defendant excepted. The admission of the evidence under the complaint is assigned as error. We are of the opinion that there was no error in admitting the evidence upon the ground stated as the complaint states a good cause of action for the breach of the contract. The complaint was good as against a general demurrer, and hence good as against the objection made at the trial. Hudson v. Archer (S. D.) 55 N. W. 1099.

It will be noticed that by the terms of the contract the plaintiff was to be paid $2,200 if his sales reached $50,000; if over that sum, 6 per cent. upon the excess, and if under that sum, 7 3-5 per cent. on amount of sales. It appears from the evidence that the sales made did not exceed, as claimed by plaintiff, the amount of about $36,000, and, as claimed by defendant, about $33,000; and it was shown by the uncontradicted evidence that the three remaining months of October, November, and December, were the poorest months in the year for the sale of the class of goods the plaintiff was selling. It would seem, therefore, that the only clause of

the contract that could apply to the case was the one providing for commissions at the rate of 7 3-5 per cent. on the sales that should be made during the three months. The principal question, therefore, involved in this case, and the only one we shall discuss, is as to the measure of damages. The plaintiff's counsel tried the case upon the theory that, for the three months it is claimed the plaintiff was prevented from making sales under his contract, he was entitled to recover for the monthly value of his services as a traveling man generally. The question is fairly raised by the objections to, and the rulings on, the following questions: "Are you familiar with the value of services of traveling salesmen of the experience you have had, engaged in handling the line of goods which you were selling for Kohn Bros.? Ans. I am. What was the value of your services during the months of October, November, and December, 1888, in selling as traveling salesmen the class of goods that was furnished you, and that you were selling for Kohn Bros.? Ans. The lowest estimate would be $300 per month and expenses for these three months." It is contended by the learned counsel for the appellant that, as the action was upon the contract, the contract itself must furnish the measure of the damages; and that as the plaintiff, under the facts of this case, was to be paid only by commissions upon his sales, and not by a monthly salary, he could not recover for the value of his services by proof of their monthly value generally. We are of the opinion that the contention of the appellant is the correct one, and that the evidence admitted to prove the monthly value of plaintiff's services generally was inadmissible, and its admission constitutes error for which the judgment must be reversed.

When an action is brought upon the contract for its breach, the contract itself must furnish the measure of damages. Sedg. Dam. p. 200. And such seems to be the rule established by the Code of this state. The sections applicable to this question read as follows: "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party

aggrieved for all the detriment approximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin." Comp. Laws, section 4581. "Notwithstanding the provisions of this chapter, no person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides, except in the cases specified in the article on exemplary damages and penal damages, and in sections 4599, 4606, and 4607." Comp. Laws, section 4617. It will be noticed that by these provisions the primary purpose of awarding damages is to compensate the party injured, but the damages are limited, except in certain specified cases, to the compensation the injured party could have gained by a full performance of the contract by both parties. Plaintiff was entitled, therefore, to the amount of his commissions, at the rate of 7 3-5 per cent., upon the amount of goods he could have sold during the remaining three months of the year. He might be entitled to more or less than $300 per month. If his damages were less, he could not recover that amount; if his damages were more than that sum, he would be entitled to recover more. The value of his services generally per month furnished no measure of damages under the contract. The contract provided for no monthly compensation, except his sales should amount to $50,000, and in that case his monthly salary would have been less than $200 per month. But respondent contends that there is practically no method of determining the amount of his sales for the three months; that evidence upon that question would be merely speculative in its character, and tend to prove uncertain and prospective profits, and would consequently be inadmissible. But this would not be any more speculative or calculated to prove prospective profits than was the evidence that plaintiff's services were of the value of $300 per month. Would not the value of his services depend entirely upon the amount of goods he could have sold during those three months if he had been allowed to continue his sales for defendant? Most certainly it

would.  We see no great difficulty in proving facts that would en-
able a jury to determine approximately the amount of goods the
plaintiff would have sold during the three months, in this case.  He
had been a traveling salesman for the defendant the two preceding
years, and his sales during the months of October, November, and
December of those years could have been shown, and the condition
of the crops, state of the markets, the number of his regular cus-
tomers, and his average sales would furnish a jury facts from which
they could approximately determine the amount of his sales during
the three months in controversy.

In speaking of a similar class of cases, the court, in Rogers v.
Insurance Co., 1 Story 603, Fed. Cas. No. 12,016, says:  "Abso-
lute certainty in cases of this sort is unattainable.  All we can aim
at is an approximation thereto."  And Mr. Sedgwich, in his work
on the Measure of Damages, says:  "But justice is, after all, but
an approximate science, and its ends are not to be defeated by fail-
ure of strict mathematical proof."  Sedg. Dam. p. 593.  Evidence
of the character we have suggested is much less speculative, and
less liable to mislead a jury into giving an erroneous verdict, than
evidence of the value of plaintiff's services per month generally.
If the plaintiff's compensation under the contract in this case could
be called profits, there would be no objection to them on that
ground alone.  Profits in proper cases are recoverable when they
are capable of being ascertained and made the basis of an intelli-
gent verdict.  Evidence of profits is not to be excluded simply be-
cause they are such.  Mr. Sutherland, in his work on Damages,
says:  "There are numerous cases, even for breach of contract, in
which profits have been properly held to constitute not only an ele-
ment, but the measure, of damages.  When it is advisedly said that
profits are uncertain and speculative, and cannot be recovered,
when there is an alleged loss of them, it is not meant that profits
are not recoverable merely because they are such, nor because
profits are necessarily speculative, contingent, and too uncertain to
be proved, but they are rejected when they are so; and it is prob-
able that the inquiry for them has been generally proposed when

it must end in fruitless uncertainty, and therefore it is more a general truth than a general principle that a loss of profits is no ground on which damages can be given." The decisions are not entirely in harmony as to the measure of damages in this class of cases, but we are of the opinion that the weight of authority is against the contention of respondent. In Mueller v. Spring Co. (Mich.) 50 N. W. 319, which was a case quite analogous to the one at bar, the supreme court of Michigan says: "The measure of the plaintiff's damages was the profits which Mueller might have realized if defendant had peformed its contract,"—citing Loud v. Campbell, 26 Mich. 239; Leonard v. Beaudry, 68 Mich. 312, 36 N. W. 88. In Machine Co. v. Bryson, 44 Iowa 159, the majority of the court, in a somewhat analogous case, held that the plaintiff could prove the value of his services monthly; but Judge Beck wrote a very able dissenting opinion, in which Judge Day concurred. In Brigham v. Carlisle, 78 Ala. 243, in a somewhat analogous case, the supreme court of Alabama held that plaintiff could not recover any damages, as the profits were too remote and speculative to constitute the basis of a recovery; but in that case the plaintiff had performed no services under his contract, and there was no proof of any facts upon which a jury could base a verdict. As bearing upon this question, see Insurance Co. v. Nexsen, 84 Ind. 347; Lewis v. Insurance Co., 61 Mo. 534; Stern v. Rosenheim (Md.) 10 Atl. 221. In none of these cases was it claimed, except in the case cited from Iowa, that the plaintiff could recover damages by proving the value of his monthly services, and we can discover no principle of law upon which such evidence would be admissible. If plaintiff can recover at all, it must be such damages as he has sustained by reason of his being prevented from earning his commissions, and that can only be determined by ascertaining what those commissions would have amounted to. The plaintiff's loss, which the defendant would be required to make good to him, is his loss of commissions on his sales that he might have realized, had he been permitted to complete his contract. There was no stipulation in the contract that would authorize him to recover compensation for the

monthly value of his services, and therefore evidence of such value was clearly inadmissible. As the evidence of the monthly value of his services was admitted and submitted to the jury by the learned circuit court, the case is reversed, and a new trial ordered.

FULLER, J., took no part in the decision.