## DAVIS v. TUBBS.

1. Where a party to a contract is prevented by the wrongful act of the other party from completing the same, he has the choice of two remedies for obtaining redress: He may treat the contract as rescinded, and recover the value of his services, and for material furnished and money necessarily expended under the contract prior to its termination; or he may bring his action upon the contract for a breach of the same, and recover all he would have been entitled to under the terms of the contract, less the expense of completing the same. But he cannot combine the two causes of action in one; he must elect upon which cause of action he will proceed.

2. If the action is brought for the value of his services, material furnished, and money expended under the contract before the same was wrongfully terminated by the defendant, the issue is as to the value of such services, materials furnished, and money expended; and evidence as to what profits the plaintiff could have made by the terms of his contract had he been permitted to complete the same is irrelevant, and its admission constitutes reversible error.

3. Where D. entered into a contract with T., by which he agreed to take possession of a ranch and flock of sheep belonging to T., and take all necessary care of and bear all the expense incident to the keeping and feeding the same for the period of one year, and, as compensation therefor, D. was to receive one-half of the wool, one-half the increase, etc. After D. had kept said sheep for about eight months, T. (as it was claimed by D.) wrongfully prevented him from completing his contract. D. thereupon brought suit to recover the value of his services and money expended in herding and keeping said sheep for the term he had charge of them. On the trial, after giving evidence tending to prove the money expended by him, etc., he was permitted to give evidence tending to prove what profits he could have made if he had been permitted to complete his contract. Held, error.

(Syllabus by the Court. Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Custer county. Hon. WILLIAM GARDNER, Judge.

Action for breach of contract. Plaintiff had judgment, and defendant appeals. Reversed.

The facts are stated in the opinion.

*Buel R. Wood,* (*Wood & Buell,* of counsel,) for appellant.

Damages that are special in character must be specifically alleged. Stephen v. Smith, 28 Cal. 103; Havemeyer v. Fuller, 60 How. Pr. 316; Malony v. Daws, 15 How. Pr. 265; Shaw v. Hoffman, 21 Mich. 151; Solms v. Lias, 16 Abbt. Pr. 311; Devilin v. City, 23 N. Y. 388; Corbett v. Anderson, 54 N. W. 727; Company v. Hopkins, 53. N. W. 501; Cameron v. White, 43 N. W. 15; Riley v. Black, 20 N. W. 695; Atkinson v. Morse, 29 N. W. 7. The provisions in a contract providing the measure of damages must govern, and the court is not at liberty to set up a different measure of damages than the one therein provided for. Dunham v. Haggerty, 1 Atl. 671; Porter v. Booth, 1 S. D. 558; Richards v. Ins. Co. 22 Pac. 939. The exclusion by the court of all evidence showing changes, erasures and alterations in a written contract sued upon, for the reason that such evidence is not admissible under the issues raised by a general denial, is error. Company v. Peterson, 33 Proc. 470; Company v. Campbell, 42 N. W. 885; Abbot Trial Ev. 407; Schwartz v. Oppold, 74 N. Y. 307.

*Henry Frawley* and *H. D. Reynolds,* (*Edmund Smith* of counsel) for respondent.

In a technical variance between the pleading and the proof, the court should either allow amendments of pleading to conform to the proof or disregard the variance. Collins v. Beacher, 8 N. W. 97; Harrington v. Gies, 8 N. W. 87; Company v. Daggett, 21 N. W. 463; Morgan v. Bishop, 21 N. W. 263. The court will not interfere with the verdict if there is any evidence to support it. Lalor v. McDonald, 44 Mo. 439; Waterman v. Railroad, 42 N. W. 247; Company v. Behlon, 29 Pac. 420; Company v. Matthissen, 14 N. W. 107; Gaines v. White, (S. D.) 47 N. W. 524; Pickert v.

Rugg, 46 N. W. 446; State v. Chapman, 47 N. W. 411. If instructions are not brought up in the record, the supreme court will presume that the court below charged the jury fully and correctly upon all the issues in the case. Hayne New Trial and Appeal, 371; Garreson v. Glockley, 38 Cal. 79; Tully v. Harloe, 35 Cal. 309; Dawley v. Hovious, 23 Cal. 103.

CORSON, P. J. The principal errors assigned in this case are those arising from the admission of evidence, and, in order to determine the correctness or incorrectness of the rulings of the court it becomes necessary to examine the complaint, and ascertain the nature of the action and the issues presented. It is alleged in the complaint that in July, 1890, the plaintiff and defendant entered into a written contract by which it was agreed that the plaintiff should receive from the defendant 1,220 head of sheep and 26 bucks, and also the possession of certain ranches, and should "take all necessary care and bear all the expense incidental to the keeping and feeding said sheep for the period of one year"; and, for such care and feeding of said sheep, the plaintiff was to receive one-half of the increase of said sheep, and one-third of the wool of the same, and one-half the crops and feed not consumed by said herd. It is further alleged: "That, under and by virtue of said contract, the said defendant, on or about the 16th day of July, A. D. 1890, delivered to this plaintiff the said herd of sheep and ranches mentioned in said contract, and this plaintiff took immediate possession of the same, and continued in the possession thereof from on or about the 16th day of July, A. D. 1890, up and until on or about the 16th day of March, A. D. 1891, and cared for, fed, and kept the same as provided for in said contract, and in all things duly performed all the conditions of said contract on his part; and that in the care, feeding, and herding of said sheep, and wintering the same, this plaintiff necessarily expended the sum of eight hundred and sixty-three and 66-100 dollars ($863.66). That on or about the said 17th day of March, 1891, the said defendant wrongfully entered upon the premises so leased by this plaintiff under

said contract, and took possession of said herd of sheep, and removed the same from said premises, and has ever since withheld the said sheep from this plaintiff, and refused to allow this plaintiff to retain one-half of the increase of said herd, as agreed in said contract, and has refused to allow this plaintiff to retain one-third of the wool derived from said sheep, but has wholly violated his said contract, and has refused to perform the conditions thereof on his part, and has refused to pay the plaintiff the amount actually expended by him in the care of said sheep as aforesaid. That by reason of the premises herein stated, and the violation of the contract on the part of the said defendant herein, in the wrongful taking and appropriation of said sheep, this plaintiff has sustained damages in the sum of fifteen hundred ($1,500.00) dollars." The complaint concludes with a demand for judgment for $1,500, interest, and costs. To this complaint the defendant answered, denying all the allegations of the same. The case was tried to a jury, and a verdict and judgment rendered for plaintiff, and the defendant appeals.

The complaint seems to have been drawn upon the theory that the plaintiff was prevented from fulfilling the terms of his contract by the wrongful acts of the defendant, and that he was therefore entitled to recover the value of the services performed by him under the contract, and the expenses incurred before the same was terminated by the wrongful acts of the defendant. At least, such is the construction we place upon the complaint, although it is not entirely clear what theory the pleader had in view when drawing the same. The pleader alleges "that in the care, feeding, and herding of said sheep, and wintering the same, the plaintiff necessarily expended the sum of $863.66." But he nowhere alleges the sum the plaintiff would have been entitled to had he been permitted to have fulfilled the terms of his contract, nor what the value of one-half the increase of the herd or the value of one-third of the wool would have amounted to, less the expense of keeping, herding, and feeding said sheep from March until July, when the contract would have been terminated by the terms thereof.

Where a party to such a contract is prevented by the wrongful acts of the other party from performing his entire contract, he has the choice of two remedies: He may treat the contract as terminated, and recover the value of his services performed and money necessarily expended under the contract; or he may bring his action for a breach of the contract, and recover all he would have been entitled to by its terms, less the expense attending the complete fulfillment of the same. But he cannot combine the two causes of action in one. He must elect upon which theory he will proceed, as the evidence required to sustain his action in the one form will be entirely different from that required to sustain the action in the other form. If his action is for the value of his services and money necessarily expended in carrying out his contract up to the time it was wrongfully terminated by the other party, evidence of how much he might have been entitled to recover had he been permitted to fully complete his contract becomes entirely immaterial, the only issue being how much his services are reasonably worth, and how much money he has reasonably and necessarily expended in carrying out the contract to the time it is wrongfully terminated by the other party. Caldwell v. Myers, 2 S. D. 506, 51 N. W. 210. If, on the other hand, his action is for a breach of the contract, and he seeks to recover the damages he has sustained by reason of the breach, the issue is as to the amount he would have been entitled to had he been permitted to fully perform his contract. He is entitled in such case to recover such amount as will compensate him for all the detriment proximately caused by such breach (section 4581, Comp. Laws), not exceeding the amount he would have gained by a full performance of the contract by both parties (section 617, *Id.*). Caldwell v. Myers, *supra;* Cranmer v. Kohn (S. D.) 64 N. W. 125; Clark v. Mayor, etc., 4 N. Y. 338. In the latter case the court of appeals of New York says: "But when the contract is terminated by one party against the consent of the other, the latter will not be confined to the contract price. but may bring his action for a breach of the contract, and recover as damages all that he may lose

by way of profits in not being allowed to fulfill the contract; or he may waive the contract, and bring his action on the common counts for work and labor generally, and recover what the work done is actually worth. But in the latter case he will not be allowed to recover as damages anything for speculative profits, but the actual value of the work and materials must be the rule of damages. * * * If the party seeks to recover more than the actual worth of his work in a case where he has been prevented from performing the entire contract, he must resort to his action directly upon the contract; but when he elects to consider the contract rescinded, and goes upon the *quantum meruit*, the actual value is the rule of damages."

If the action is upon the contract for the breach of the same, the contract itself furnishes the measure of damages; and evidence of what the plaintiff's services were reasonably worth, or the amount necessarily expended by him in carrying out the contract, is immaterial. The only issue in such case is, what is he entitled to under his contract, less the cost of fully completing the same in accordance with its terms? Cranmer v. Kohn, *supra*. Had his action been brought for a breach of the contract, then it would have been material to ascertain the value of one-half the increase of the sheep, the value of one-third of the wool, and one-half of the product of the ranches not consumed by the herd, and the expense of herding, caring, and feeding the herd from March 17th to July 15th, in order to determine the amount he would be entitled to receive for the breach.

Assuming, then, that the action was for the value of plaintiff's services for taking care of the herd, and money necessarily expended in carrying out his contract from July, 1890, to March, 1891, and that he was then wrongfully prevented from completing his contract, we proceed to examine the principal exception in this case. Plaintiff, as a witness in his own behalf, after testifying fully as to the amount expended by him in herding and feeding the sheep from July to March, added: "I figured out what my profits would have been under the contract." He was

then asked, "What was it?" This question was objected to as "incompetent and immaterial." The objection was overruled, and the defendant excepted. While, as a general rule, an objection to a question in which the specific point or ground of the objection is not stated to the trial court, and the reason given why it is incompetent or immaterial, will be disregarded in an appellate court, unless the objection could not have been obviated by other evidence in the trial court (Agricultural works v. Young [S. D.] 62 N. W. 432), this objection, in our opinion, does not come within the rule. Under the complaint, as we construe it, the question called for clearly immaterial evidence. As the plaintiff was not seeking to recover the value of his half interest in the increase of the herd, his one-third interest in the wool, or his one-half interest in the product of the ranches not consumed by the herd, less the expense of completing his contract, which he would have been entitled to had he been permitted to complete his contract, the evidence of the value of his half of the increase, his one-third of the wool, and his half interest in the product of the ranches, was clearly immaterial. He was permitted, however, to answer the question, and gave evidence, not only by himself, but by other witnesses, under the objection of counsel, upon these questions. This evidence was important, and, doubtless, had much influence with the jury, and its admission was clearly reversible error.

Numerous other errors are assigned, but, as they relate mainly to the admission or rejection of evidence, we do not deem it necessary to discuss or decide them on this appeal. The Judgment of the court below is reversed, and a new trial ordered.