SCOTT et al., Appellants v. RAPID VALLEY RACE TRACK, INC. et al., Respondents

(66 N. W.2d 713)

(File No. 9412. Opinion filed November 17, 1954)

**Hanley & Costello and Hendricksen & Morrison**, Rapid City, for Appellants.

**J. H. Bottum, Jr., and Robert W. Gunderson**, Rapid City, for Respondents.

RICE, Circuit Judge.  Plaintiff, H. R. Scott, in an electrical contractor, doing business in Rapid City as Rapid Electric Company.  The defendant, Rapid Valley Race Track, Inc., operates a race track for stock car racing.  One Nelson is its secretary-treasurer and managing officer.  In August 1952 Nelson began negotiating with plaintiff for the construction of a lighting system for the track.  These negotiations were principally with one Christenson, who was plaintiff's foreman.  The parties had been doing business with each other for some five or six years and their relations were on the basis of mutual trust.  Defendant would place orders with plaintiff for work or materials and the cost would be carried on an open ledger account, which would be paid on the rendition of statements on the first of the month.  At a talk in September 1952 about the lighting system, Nelson told Christenson to go ahead and get something going.  The latter said he would.  In a conversation with Christenson and one Berry, of Minneapolis, who was acting as a technical advisor, Nelson said, "Let's go ahead. You have had the authority to

go on—could possibly have used that power on my part—to go ahead with the deal." In reliance on such talk, although no price had been agreed to, plaintiff ordered from wholesale suppliers materials for the lighting system. These included forty steel posts, two transformers and reflectors and brackets in boxes, which were delivered by plaintiff to the race track. Other necessary materials for the job were stored in plaintiff's warehouse or at the Buckingham (a commercial trucker) docks. Nelson admitted not only that he knew plaintiff was ordering materials for the lighting system, but of the delivery thereof to the premises. Actual construction was never begun. Some of the delivered materials were stock items; others were specially ordered from wholesale houses, and there was evidence that the poles and transformers were specially manufactured for the job, after consultation with defendant. The materials were ordered between October 1st and October 15th, and delivered in November. Upon being billed for such materials defendant refused to pay, insisting upon a firm price for the completed lighting system. The reason given was that this was necessary to obtain financing therefor. The parties were unable to agree and plaintiff filed a mechanic's lien for the materials allegedly furnished. In this action to foreclose the lien a judgment was rendered for defendant, from which plaintiff has appealed to this court. The only finding of fact made by the trial court was that a flood lighting system had not been constructed and that no items necessary for the construction of such a system had been installed.

Plaintiff assigns as error the failure of the trial court to make any finding of fact on the contractual relation of the parties, claiming that there is evidence from which the court could have found that plaintiff could recover a money judgment against defendant, regardless of whether or not his lien is valid.

■ ■ The complaint, in the usual form for the foreclosure of a lien, alleges that, at the special instance and request of defendant, plaintiff did sell, deliver and furnish materials for the improvement of the premises, which were of the reasonable and agreed value of $13,356.70. The filing of the mechanic's lien is alleged and the prayer is for a

judgment against defendant, foreclosure of the lien and for a deficiency judgment if a deficiency results from the sale. The answer is a general denial. The question of the contractual relation of the parties was thus squarely presented by the pleadings. There was evidence from which the court could have found that the agreement was that plaintiff would construct a lighting system at the track and that defendant would pay the fair and reasonable cost of the labor and materials necessary therefor. This includes the evidence detailed and particularly the authorization of defendant to proceed and to secure whatever was necessary for the job, and the delivery of at least a part thereof to the premises of defendant with its knowledge and consent. Plaintiff's right to a determination of the question of the personal liability of defendant cannot be doubted. 57 C.J.S., Mechanics' Liens, § 328, page 1013; Annotation 34 A.L.R. 1015 at 1016. Defendant argues that plaintiff abandoned the contract and that there was a rescission. The answer does not include these defenses, the defendant requested no finding thereof and no finding was made.

Defendant urges that this is not an action for breach of contract, to which we agree, but, nevertheless, the court should have made a finding on the contractual issue, and if a contract was found, whether or not it had been broken by plaintiff or defendant. Plaintiff in his requested findings has treated the contract as one for a "lighting system," rather than several contracts for materials therefor. It is such a contract which may be found from plaintiff's evidence. See Kopald Elecrtic Co. v. Mandan Creamery & Produce Co., 76 N.D. 503, 37 N.W.2d 253. The contract being entire, for the construction of a lighting system which has been only partly performed, the plaintiff may, nevertheless, have a cause of action against defendant. Where a construction contract is breached by the owner the contractor is not confined to an action for damages. He may acquiesce in the breach, treat the contract as rescinded and recover upon quantum meruit in so far as he has performed. 9 Am. Jur., Building and Construction Contracts, 74, § 117; 17 C.J.S., Contracts, §§ 511, 1095; and see Note 13 L.R.A.,N.S., 448. The rule was followed in early South Dakota cases. Caldwell

v. Myers, 2 S.D. 506, 51 N.W. 210; Davis v. Tubbs, 7 S.D. 488, 64 N.W. 534.

In such cases, to justify a recovery for materials, it must be found that title thereto has passed to the owner. Kopald Electric Co. v. Mandan Creamery & Produce Co., supra. This is a question which the trial court must determine. There are no services included in plaintiff's claim, other than $300 for engineering.

A reversal for a retrial being necessary, so that the court may determine the contractual issue, we have not passed on the assignment that the plaintiff's lien was valid.

The judgment appealed from is reversed.
All the Judges concur.

RICE, Circuit Judge, sitting for LEEDOM, J., disqualified.