HOLZWORTH et al., Respondents v. LAMPERT LUMBER COMPANY, Appellant

(100 N.W.2d 405)

(File No. 9770. Opinion filed January 13, 1960)

**Gunderson, Farrar & Carrell,** Rapid City, for Defendant and Appellant.

**Burnell Hendricksen** and **Roswell Bottum,** Rapid City, for Plaintiffs and Respondents.

BIEGELMEIER, J. ▮ The facts in this case are that in June 1956 the defendant Lampert Lumber Company, which will be referred to as the Lumber Company, was the owner of a lot in Harmony Heights Addition to Spearfish, South Dakota. In October 1956 it commenced furnishing items of building material to improve this property and continued to furnish such material to and including May 15, 1957; on January 9, 1957, the Lumber Company conveyed the property to one Roth; by mesne conveyances plaintiffs became owners of this property on April 19, 1957, as joint tenants with right of survivorship, all the conveyances being by warranty deed. On May 21, 1957, the Lumber Company filed a mechanic's lien against this property based upon the furnishing of such material from October 15, 1956, to May 15, 1957. Several similar mechanics' liens were filed. On October 10, 1957, plaintiffs served upon the Lumber Company and later on other mechanic's lien claimants written demands to commence suit to enforce such liens, this being done in accordance with the last paragraph of SDC 39.0713, which provides: "Upon written demand of the owner, his agent, or contractor, served on any person holding a lien, requiring him to commence suit to enforce such lien, such suit shall be commenced within thirty days after such service, or the lien shall be forfeited." Pursuant to these demands one Sipe and another who had filed a mechanic's lien brought suit as plaintiffs in the circuit court of Lawrence County to foreclose their liens and in that action they named as party defendants the Lumber Company, other mechanic's lien claimants, a mortgagee,

and Martin Holzworth, one of plaintiffs in this action. The summons and complaint were served on the defendant Martin Holzworth on October 22, 1957 and on the same day a notice of lis pendens was filed and recorded in the Lawrence County Register of Deeds office. The summons and complaint were served on other of the defendants but not served on the Lumber Company until November 25, 1957. The Sipe mechanic's lien action includes an answer, counterclaim and cross-complaint of the Lumber Company verified December 10, 1957, to which the defendant Martin Holzworth filed a reply. This reply generally denied the Lumber Company's claim and lien, alleged the ownership and execution of the deeds referred to above, the service of the written demand on the Lumber Company, that no suit had been commenced by it within 30 days thereafter and that the property was his homestead. The Sipe action includes many other answers, replys, counterclaims and cross-complaints and was noticed for trial for March 3, 1958.

In the meantime after serving the October 10, 1957, written demand on the Lumber Company and other lien claimants, and after the commencement of the Sipe action, plaintiffs on November 23, 1957, commenced this separate action against the Lumber Company by a summons and complaint which were filed in the office of the Clerk of Courts of Lawrence County and served on the defendant Lumber Company on November 23, 1957; an amended complaint was filed with the clerk January 11, 1958. The amended complaint set out the same matters practically word for word as the reply of the defendant Martin Holzworth to the Lumber Company's answer, counterclaim, etc., in the Sipe action. This Holzworth action was also noticed for trial on March 3, 1958 and came on for trial March 27, 1958, upon the amended complaint and the defendant's answer which was also then amended. The amended answer, among other things, set up an affirmative defense which alleged that prior to the expiration of the thirty days after the written demand was served upon the Lumber Company to foreclose its lien, Sipe and his coplaintiff commenced the Sipe action to foreclose their mechanics' liens; that the Lumber Company was named defendant therein and after

the filing and commencement of that action the Lumber Company could not commence another action to foreclose its lien but was required under South Dakota law to present its claim and litigate its rights in the Sipe action. The plaintiff introduced in evidence an abstract of title and the date of the service of the Lumber Company's answer in the Sipe action; the defendant introduced File No. 19—485, the file that included all the papers in the Sipe action.

The trial court proceeded to a trial of this action on the merits, entered a judgment that the Lumber Company's lien was null and void, that it was estopped from claiming and forever barred from asserting a lien and quieted title in plaintiffs. On this appeal the Lumber Company contends that when it appeared the Sipe action for the foreclosure of the mechanic's lien was pending the trial court should have abated this action and entered a judgment for defendant. Plaintiff claims the defendant has in this court for the first time raised this question of abatement and that matters not raised in the trial court cannot be considered on appeal.

■■ SDC 39.07 authorizes and outlines the procedure for the enforcement of mechanics' liens and determination of the rights of those interested in the property. Pursuant to the written demand served on the lien claimants and within the time permitted by SDC 39.0713, an action was commenced to enforce them; a complaint was filed in the office of the Clerk of Courts as required by SDC 39.0716; a notice of pendency of action was filed for record with the Register of Deeds and a summons served on Martin Holzworth, one of the defendants in the Sipe action and later on other defendants. The Lumber Company, one of the defendants therein, is correct when it claims that the commencement of this Sipe action brought into effect the last sentence of SDC 39.0714 which states: "After such filing no other action shall be commenced for the enforcement of any lien arising from the improvement described, but all such lien claimants shall intervene in the original action by answer as provided in section 39.0713." This prevented all lien claimants from commencing any other action to enforce their liens and required them to answer and assert

their rights in the Sipe action. From the record it appears that is what the Lumber Company did. While SDC 39.0716 states that all averments of such answers shall be deemed denied without further pleading and no reply was necessary, defendant Martin Holzworth, plaintiff here, did reply and the issues there stated are identical to those in the case at bar. The trial court had the same issues before it in the previously commenced Sipe action which were before it in this action; that was the action in which these issues should have been tried; the judgment in the Sipe action would have finally determined the rights of all the parties thereto as to all the liens, including the Lumber Company's, and not piecemeal or one at a time as attempted here.

Plaintiff's argument that the issues are not the same in both actions stems from their claim that the Sipe action was for the foreclosure of mechanics' liens only and their action is also to quiet title in defendants; the answer to this is that the only claim the Lumber Company makes to the property is its lien and its validity is the only issue in both actions. Further SDC 39.07 discloses an intention, not only to determine the validity of all mechanics' liens, but of all persons claiming an interest in the property. SDC 39.0713 provides for the publication of a notice for all persons claiming an interest in the property to appear and assert their claims. The controversy may not only be between the owner and lien claimants, it may be between or among lien claimants; the issues and evidence may differ. SDC 39.1718 provides for a judgment "in favor of each lienholder for the amount demanded and proved by him." This would require findings on the different issues which, though included in one set of findings, should be separately stated as foundations for the judgment contemplated by SDC 39.0718. The owner, mortgagees and all lien claimants are proper parties, Bassett v. Menage, 52 Minn. 121, 53 N.W. 1064, and complete relief could have been granted in the Sipe action. See Spiller v. Wells, 96 Va. 598, 32 S.E. 46, 70 Am.St.Rep. 878. This court has held that personal judgments can be awarded in proper cases. Scott v. Rapid Valley Race Track, 75 S.D. 424, 66 N.W.2d 713.

If after commencement of the mechanic's lien foreclosure action, an owner were permitted to bring a separate action to quiet title against one lien claimant, he could bring another action against each lienholder (the abstract in evidence shows that the plaintiffs did bring one other such action); the defendant mortgagee might bring a separate action to foreclose its mortgage; this would lead to confusion, multiplicity of suits and unnecessary litigation. 1 C.J.S. Abatement and Revival § 17, p. 52. A lien claimant defendant in such action could counterclaim to have his lien declared valid and result in separate judgments in separate actions which would be difficult of enforcement. This SDC 39.07 seeks to avoid; it aims at an adjudication of the rights of all the lien claimants in one suit with one judgment and sale to satisfy it. SDC 39.0710, 39.0718 and 39.0720; Miller v. Condit, 52 Minn. 455, 55 N.W. 47, at page 48. It would be inadequate if the rights of all persons claiming an interest in the premises could not be fully and finally adjudicated. Bassett v. Menage, supra. As a result of the trial court's ruling in this action, appellant's brief advises that at the January 19, 1959, trial of the Sipe action, the judgment here appealed from was used as a bar to the Lumber Company's claim therein and its claim dismissed without a trial on the merits.

■ Plaintiff contends that the plea of abatement was not made in the trial court. That word does not appear anywhere, but defendant's answer, its amended answer and the undisputed evidence of defendant was that this Sipe action was pending; the trial judge stated he would take judicial notice of it and referred to it in his opinion. Where the pendency of the other action does not appear in the complaint, it should be brought to the attention of the court by answer. Marquette Trust Co. v. Doyle, 176 Minn. 529, 224 N.W. 149; 1 C.J.S. Abatement and Revival § 81, p. 122. It may have been more appropriate if defendant had made some motion or taken some other action to bring his contentions more clearly to the trial court's attention, but under the record it was error for the trial court to proceed with the trial of this action and enter the judgment. See Deeg v. City of Detroit, 345 Mich. 371, 76 N.W.2d 16, at page 21.

The prosecution of this second suit should at least have been stayed until after the trial of the Sipe action. Foley v. Ruley, 43 W.Va. 513, 27 S.E. 268, quoting 1 Beach Mod. Eq.Proc. § 33.

■ What is said here applies only to the plaintiff-respondent Martin Holtzworth as he was the only plaintiff in this action who was named as a defendant and served with process in the Sipe action. A mechanic's lien may attach to any estate or the interest of a contenant. 57 C.J.S. Mechanics' Liens § 16. The proceedings to enforce it are binding on the co-owner who is a party to it, yet one joint tenant has not by reason of that relationship any authority to bind his contenant or his contenant's interest in the common property. Stark v. Coker, 20 Cal.2d 839, 129 P.2d 390. The lien, if valid, and we express no opinion as to that, may still fasten on the interest of Martin Holtzworth; that it may not be enforced against the interest of his contenant is of no concern to him; this will be due to the failure of the lienholders to make her a party to the Sipe action. Plaintiff Martin A. Holzworth is a party to that action and required to litigate the validity of the mechanics' liens therein; as to him the judgment is therefore reversed. Martha Holzworth not being a party thereto the judgment as to her is affirmed. No costs will be taxed in this court.

All the Judges concur.