NORTHWESTERN CEMENT & CONCRETE PAVEMENT COMPANY *vs.* NORWEGIAN-DANISH EVANGELICAL LUTHERAN AUGSBURG SEMINARY, impleaded, etc.

June 11, 1890.

**Mechanic's Lien—Requisites of Description of Premises.**—The description in an affidavit for a mechanic's lien is sufficient if it so points out the building, and the land on which it is situated, that they can be identified with reasonable certainty by applying the description to the land. It is not necessary to give the common name of the building. The essential thing is to describe it so that it can be identified, and if this be done it is a substantial compliance with the requirements of the statute.

**Same—False Particular, when Harmless.**—The rule of description, as in the case of deeds, is that, if the building and land be once sufficiently described, the addition of a circumstance false or mistaken will not vitiate the description.

v.43M—29

Same—Action by Subcontractor—Parties—Practice.—In an action by a subcontractor to enforce a lien, the original contractor is a necessary party. If he be named as a defendant in the title of the action, but not brought in as a party by service of the summons on him, the proper practice is for the court, upon the suggestion of the fact, to continue the action or delay the trial until he be brought in as a party. If the plaintiff has unreasonably delayed to make such service, a motion may be made to dismiss the action.

Appeal by plaintiff from a judgment rendered on the merits, in an action to enforce a mechanic's lien for $217.35 and interest, brought in the district court for Hennepin county against the above-named defendant and J. J. Evans, and tried by *Rea, J.*

*Charles A. Willard* and *Henry W. Benton,* for appellant.

*Ueland, Shores & Holt,* for respondent.

MITCHELL, J. This was an action to enforce a mechanic's lien for materials furnished by plaintiff, as a subcontractor, to the defendant Evans, contractor, for the erection of a building for the defendant corporation; and the principal question is as to the sufficiency of the description of the building and land on which it is situate, in plaintiff's affidavit for a lien. The description is "a certain brick and stone building known as 'Augsburg Seminary,' situated upon a certain lot of land owned by [the defendant corporation,] described as 'Lots 5, 6, 7, and 8 in block 10, in Murphy's addition to Minneapolis, according to the recorded plat thereof on file in the register of deeds' office in and for Hennepin county.'" It also clearly appears, by implication, that the building referred to was erected on or subsequent to January 7, 1889, the date of furnishing the materials. This description is *prima facie* sufficient; and, if there is any latent ambiguity or defect, it must be made to appear by extrinsic evidence. The court finds that the defendant corporation contracted with Evans for the erection of a brick dwelling-house to be used as a place of residence for the professors at the Augsburg Seminary, and that plaintiff sold and delivered him these materials to be used in the construction of that building, and that they were in fact so used; that the building is a brick-veneered building, with stone trimmings, and is situated on lots 6 and 7, block 10, in Murphy's addition to Minne-

apolis, owned by the defendant corporation, and near one corner of the block; that at or near the other side of the block, and on the corner diagonally opposite, the defendant has a large brick-veneered building, with stone basement and foundation, which was erected some 16 years ago, and used as a seminary of learning, and well known by the name of "Augsburg Seminary;" and that there is no other building in Minneapolis known by that name. The court also finds that there was no evidence to show whether or not there is any other building than the brick-veneered dwelling on either of the four lots described in the notice for lien. It cannot be doubted that this sufficiently describes the land on which the building is situated. The fact that it includes more than the plaintiff is entitled to a lien on will not invalidate the lien. *North Star Iron-Works Co.* v. *Strong,* 33 Minn. 1, (21 N. W. Rep. 740;) *Smith* v. *Headley,* 33 Minn. 384, (23 N. W. Rep. 550.) The style of the building is also accurately described as "brick and stone." We think it affirmatively appears from the findings that the old building known as "Augsburg Seminary" is not situated on either or any of these four lots; and it does not appear that there is any other building on them except the one erected by Evans, the contractor, and for which plaintiff furnished these materials. The affidavit for a lien is neither a process, pleading, judgment, nor conveyance, but merely a notice of the claim of the mechanic or material-man; and, while it must undoubtedly, in substance, comply with the requirements of the statute, yet the same fulness or preciseness is not required as in the case of a conveyance or judgment. The general rule as to the sufficiency of such notices is that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. It is enough that the description points out and indicates the premises so that, by applying it to the land, it can be found and identified. Phil. Mech. Liens, § 379. As was said in *North Star Iron-Works Co.* v. *Strong, supra,* all that the statute contemplates is that the building, and the tract of land on which it is situated, should be so described as to identify the building and its location. A remark is made in that case that might

seem to imply that it is necessary that the building should be described by its common name, but that must be construed in the light of the facts of the case then being considered. Many buildings have no common name, and can only be described by location and style of construction. The reference to the name of the building or its kind, contained in the form given in the statute, must be considered as merely suggestive of one way of describing it. The essential thing is that it be described so that it can be identified. If this be done, it is a substantial compliance with the statute, and the particular manner in which it is done is immaterial. In this state the important means of identifying real estate is, in the case of urban property, the description according to the plat, and, in the case of rural lands, the description according to government survey, and not the description of the buildings, or the streets on which they are situated. In this case the city lots on which the building is situated are accurately described. There is, as we must assume from the findings, no other building on them. There is no other building to which the description can apply, for the old building known as the "Augsburg Seminary" is not situated on these lots. In view of all these facts, there can be no doubt that the description used is sufficient to identify the property sought to be charged with the lien.

Had the expression "known as 'Augsburg Seminary'" been omitted, the description would have been undoubtedly good. But, even in the case of deeds, the rule of description is that, if the premises are once sufficiently described, the addition of a circumstance false or mistaken will not vitiate the description. *Adamson* v. *Petersen,* 35 Minn. 529, (29 N. W. Rep. 321;) *McAllister* v. *Welker,* 39 Minn. 535, (41 N. W. Rep. 107;) *Bailey* v. *Galpin,* 40 Minn. 319, (41 N. W. Rep. 1054.) If this is so in case of deeds, it certainly ought to be so in case of these notices. We think the description is sufficient.

It is suggested that Evans, the contractor, although named as defendant in the record, had never been made a party to the action, because he had not been served with the summons; that he is a necessary party defendant, and therefore the defendant corporation was entitled to judgment. Inasmuch as the contract relation between the owner and the original contractor, and the contract relation and state

of accounts between the original and subcontractor, must be adjudicated on before a lien can be established in favor of a subcontractor, and as a judgment in an action between the subcontractor and the owner would not be conclusive on the intermediate contractor, we think the better and proper rule is that, in an action by a subcontractor to enforce a lien, the original contractor is a necessary party defendant. The rule as to parties being not an inflexible one going to the jurisdiction of the court over the cause, but one introduced by the court itself for the purposes of convenience and justice, it is of course, in this as in other cases, susceptible of modification for these purposes according to the exigencies of the case. *Cockburn* v. *Thompson*, 16 Ves. 321; *Wiser* v. *Blachly*, 1 John. Ch. 437; *Elmendorf* v. *Taylor*, 10 Wheat. 152, 167; *West* v. *Randall*, 2 Mason, 181; Phil. Mech. Liens, § 397; *Emmet* v. *Rotary Mill Co.*, 2 Minn. 248, (286;) 2 Jones, Liens, § 1574. But the fact that the contractor is not made a party will not entitle the owner to a judgment on the merits. Where he is not named as a defendant in the title of the action, the defect of parties defendant must be taken by demurrer or answer. Where he is so named, but has not in fact been made a party by service of the summons, it may not be entirely clear how the defect can be taken advantage of. It certainly cannot be by demurrer, and there would seem to be difficulties in the way of requiring it to be done by answer. We think the proper practice is, when the plaintiff moves the case for trial, for the court, upon its attention being called to the defect, to continue the action or delay the trial until the contractor is brought in as a party. If the plaintiff has unreasonably delayed in making service of the summons on him, it might be good ground for a motion to have the action dismissed. *Johnson* v. *Robinson*, 20 Minn. 153, (170.)

Judgment reversed.