JOEL B. BASSETT *et al. vs.* LOUIS F. MENAGE *et al.*

Argued Nov. 14, 1892. Decided Dec. 29, 1892.

**A Mortgage Held on the Facts Stated to be Subsequent to Mechanics' Liens.**

M. sold to K. a certain building, agreeing at the same time to remove and completely rebuild it upon a lot belonging to the latter. M. then contracted with one N. to furnish all materials needed, and to perform the necessary labor, in accordance with the terms of his agreement with K. N. failed to complete the reconstruction of the building as agreed upon, and also allowed lien claims to be filed against the property for materials furnished to him for use in rebuilding. *Held*, in an action to foreclose the liens, that a mortgage given by K. to secure the payment of his note to M. for the amount agreed upon as the price of the completed building was secondary to the liens of the material men, and that, as between M. and K., the former was liable to the latter, for the failure of N. to complete his contract.

**Parties to Actions to Foreclose Mechanics' Liens.**

In an action to foreclose a mechanic's lien, incumbrancers should be made parties, and all equities which may exist in favor of mortgagors should be determined, and the rights of mortgagees fully adjudicated.

**Description in a Lien Statement of the Premises, Held Sufficient.**

In one of the lien statements the premises on which a lien was claimed were described as "Lot 3, in block 51, St. Louis Park addition to Minneapolis, Minnesota, according to a plat thereof on file and of record in the office of the register of deeds of said Hennepin county." *Held*, a sufficient identification and description of "Lot 3, in block 51 A, St. Louis Park Center, Hennepin county, according to a plat thereof on file and of record in the office of the register of deeds of said county," belonging to defendant K., on which the materials were used, there being no other plat on file or of record in said office to which the description found in the statement could be applied.

Appeal by defendant Louis F. Menage from an order of the District Court of Hennepin County, *Canty*, J., made May 21, 1892, denying his motion for a new trial.

The plaintiffs, Joel B. Bassett and William L. Bassett, between April 23, and June 27, 1891, furnished lumber to Andrew Nilson to

the value of $485.06, to be used, and which was used, in rebuilding and repairing the hotel mentioned in the opinion. They made and filed a lien statement therefor and brought this action to foreclose it. Most of the facts are stated in the opinion. The mortgagee, Menage, and all parties claiming liens on the property were made defendants. Seven of the defendants were doing business as partners under the name of Port Byron Lime Association, and furnished lime to Nilson to the value of $226.25. They filed a lien statement in which the property was described as lot three (3) in block fifty-one (51) St. Louis Park Addition to Minneapolis, Minnesota, according to the plat thereof on file and of record in the office of the Register of Deeds of said Hennepin County. The correct description was lot three (3) in block fifty-one (51) A. of St. Louis Park Center, Hennepin County, Minnesota, on file, etc. Answers were filed and the issues tried January 28, 1892, before the court without a jury. The liens were held to be paramount to the mortgage given by defendant Englebret Kommers to Menage. It was also held that the description of the property in the lien statement of the Port Byron Lime Association was such that the property could be reasonably recognized from the description, and was sufficient.

The defendant Louis F. Menage moved for a new trial, and being denied, appealed to this court. His sixth, seventh and eighth assignments of error were in substance that the trial court erred in receiving evidence of the state of his account with Kommers in this matter, and in attempting to adjust the equities between them, and in adjudging the lien of his mortgage to be subject to the mechanics' liens and in directing it to be paid only after the mechanics' liens were first satisfied out of the proceeds of the foreclosure sale.

*Chas. J. Bartleson*, for appellant.

The lien statement of the defendants, doing business as the Port Byron Lime Association, was insufficient. It did not describe the premises in controversy. *Tice* v. *Freeman*, 30 Minn. 389; *Bailey* v. *Galpin*, 40 Minn. 319.

The court went far beyond *Finlayson* v. *Crooks*, 47 Minn. 74, and proceeded to consider and determine rights, as between the mort-

gagor and mortgagee, upon questions not affecting either the validity or the priority of the lien claims of the mechanics and the material men, and as to which no issues had been framed or preparation made for trial. These questions could have been much more perfectly and satisfactorily adjusted between the parties in a separate action, either subsequent to or aside from this lien proceeding. There was no showing that the mortgage or any part of it was due, or that there had been any default therein. The appellant did not ask in his answer for any foreclosure of it. It was not necessary for the protection or preservation of the rights of the lien claimants. If their liens are prior to the mortgage, the property can be sold for their satisfaction under a decree to that effect, or if they are subsequent, it should be sold for their satisfaction subject to the mortgage. Menage objects to being compelled in this way to foreclose a mortgage, as to which it does not appear that he has either the right or the desire to foreclose.

The court was wrong in holding that any of the lien claims were prior to appellant's mortgage. It appears from the pleadings, and the evidence is undisputed, that the mortgage was prior in point of time to all the lien claims. It was given in payment of $1,000, the price at which the parties agreed Menage should sell Kommers the building in controversy, and the further sum of $1,500 which Menage agreed to furnish for the reconstruction of that building. *Hill* v. *Aldrich*, 48 Minn. 73; *Haupt Lumber Co.* v. *Westman*, 49 Minn. 397.

*Van Fossen, Frost & Brown* and *Day & Enches*, for respondents.

Menage is estopped to deny that his mortgage is superior and paramount to the lien claims. He was not a "*bona fide* prior mortgagee" within the meaning of the statute.

Menage, having authorized Nilson to rebuild the hotel on Kommers' lot, he came by force of that contract, into privity with all the parties who under Nilson's instructions performed the work or furnished the materials necessary for the performance of the contract. *Hill* v. *Aldrich*, 48 Minn. 73; *Farmers' Loan & T. Co.* v. *Canada & St. L. Ry. Co.*, 127 Ind. 250.

COLLINS, J. This was an action to foreclose a mechanic's lien, several of the answering defendants being lien claimants. The facts were that defendant Kommers had contracted for the purchase of lot three (3) in block fifty-one (51) A, St. Louis Park Center, Hennepin county, according to a plat thereof on file and of record in the office of the register of deeds of said county, while defendant Menage was the owner of a hotel building, some two miles distant, which he desired to sell. Negotiations were carried on between these parties, so that when Kommers procured a deed to the lot, April 13, 1891, a trade was closed immediately, whereby the latter agreed to give $2,-500 for the building, removed and reconstructed upon his lot, and he thereupon executed and delivered to Menage his note for that sum, secured by a mortgage upon the lot. The mortgage was recorded on April 15th, and in point of time antedates any of the lien claims. It seems that a bargain had previously been made by and between Menage and defendant Nilson whereby the latter was to take down, remove, and rebuild the hotel for the sum of $1,500, furnishing all materials, and performing all necessary labor. A written contract to this effect, specifying in detail just what was to be done by Nilson, was executed by the latter and Menage on April 13th. Armed with this contract, Nilson purchased the materials involved in these lien claims, that he might carry out the same. The building was removed and reconstructed upon Kommers' lot, and, Menage, it is admitted, paid to Nilson, and, upon his order, to those who worked upon the job, and to those who furnished materials, the full amount of the contract price, $1,500. The court below subordinated the mortgage to the liens, and this is the principal question on appeal.

1. Menage did not agree with either Kommers or Nilson to furnish $1,500 to be used in the removal and reconstruction of the building, as argued by his counsel. If he had made this agreement, and no other, the case could not well be distinguished from that of *Hill* v. *Aldrich*, 48 Minn. 73, (50 N. W. Rep. 1020,) and his mortgage would have been a *bona fide* mortgage, having, under the statute, precedence over the liens. But Menage's contract with Kommers was to remove the building onto the lot, and there reconstruct it in a certain manner, furnishing all materials and labor himself. This contract

was rendered certain and unmistakable in all of its terms by means of the written agreement made between Menage and Nilson; so that the case stands precisely as if Kommers had purchased the building from a third party, had then contracted with Menage to take it down, remove, and completely rebuild it for the sum of $1,500, giving to the latter a mortgage as security for the payment of that sum, (the mortgage being prior to the lien claims in point of time,) and Menage had then subcontracted with Nilson for the performance of his contract, exactly as he did in fact. Under such circumstances, there could be no question as to where, in order of satisfaction out of the property, the mortgage would be placed, and no doubt that the claims of those who had furnished materials or performed labor, that Nilson might complete his contract with Menage, would have precedence over his mortgage. By means of the agreements made with Kommers and Nilson, the defendant Menage has placed himself where the former can hold him responsible for the omissions and delinquencies of the latter, and where his rights as a mortgagee must be subordinated to the claims of those from whom materials were purchased by his subcontractor, Nilson, for use in the building.

2. We are unable to discover any merit in the contention of appellant's counsel that the court erred in permitting defendant Nilson to testify that he had received the lumber mentioned in plaintiffs' bill or exhibit, over the only objection made, namely, that it was not the best evidence, or that there was error in finding that plaintiffs had furnished material as claimed. The fact that Nilson had received the lumber could be established by parol, and that was exactly the object of the question. That Nilson bought the lumber for use in rebuilding the hotel, and that nearly all of it was actually used for that purpose, was clearly shown in more than one way.

3. The assignments of error numbered six (6,) seven (7,) and eight (8) are disposed of by referring to *Finlayson* v. *Crooks*, 47 Minn. 74, (49 N. W. Rep. 398, 645,) in which it was held that a mortgagee may be made a party to an action of this kind, and his rights adjudicated, whenever it might be done in an action to foreclose the mortgage. It would be difficult to pass upon his rights at all without determining them as between the mortgagor and himself, or without adjusting all

differences between them, especially such as have grown out of and are connected with the lien claims. Again, the premises are to be sold for the purpose of satisfying the liens, and may bring more than enough for the purpose, in which case the surplus would go to the mortgagee; or, possibly, the surplus would be more than sufficient to satisfy and discharge the mortgage liens, leaving a balance for the mortgagor or his successor in interest; and, in any event, the premises would be subject to redemption by the mortgagee, by a subsequent incumbrancer, by the owner, or by a judgment creditor of the latter; all of which indicates the propriety and necessity of having every equity which may exist in favor of the mortgagor fully determined, and the rights of the mortgagee completely adjudicated, in proceedings to ascertain and determine the rights of claimants under the lien laws of the state. As was said in the case just alluded to, the statute furnishes a very inadequate and incomplete remedy to lien claimants, unless the rights of incumbrancers and all others claiming to have acquired an interest in the premises can be fully and finally adjudicated; and the aptness of this remark could not be better demonstrated than by the facts now under consideration. The trial court committed no error when ascertaining the amount actually due upon the mortgage, and directing that if a balance remained from the sale after satisfying the liens, it be applied upon the mortgage debt.

4. The lien statement of defendant Lime Association described the property on which a lien was claimed as "Lot 3, in block 51, St. Louis Park addition to Minneapolis, Minnesota, according to a plat thereof on file and of record in the office of the register of deeds of said Hennepin county." It was found by the court below that there was no plat on file or of record in said office, and no place in said county known as "St. Louis Park Addition to Minneapolis;" that there were but two plats in said office on which appeared the name of St. Louis Park, one being a plat bearing that exact name, on which there was no block 51 or 51 A, and the other being a plat of St. Louis Park Center. On this plat there was no block 51, but there were blocks 51 A and 51 B. The latter block was not subdivided into lots, while 51 A was subdivided; one of the lots being numbered

3, and owned by defendant Kommers. The description was sufficient, under the statute. The lien statement is a notice merely of the claim of the material man or mechanic, and while, in substance, it must comply with the requirements of the statute, the same fullness or precision is not required as in the case of a conveyance or judgment. If there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. See *Tulloch* v. *Rogers*, 52 Minn. 114, (53 N. W. Rep. 1063,) and cases there cited. Again, the statute under which this action was brought (Laws 1889, ch. 200, § 9) provides that the validity of the lien shall not be affected by any inaccuracy in the statement relating to the property to be charged with it, if such property can be reasonably recognized from the description given.

Order affirmed.

(Opinion published 53 N. W. Rep. 1064.)