CHRIS. E. EVANS and Another v. WAYLAND W. SANFORD and Others.[1]

June 24, 1896.

Nos. 9969—(191).

**Mechanic's Lien—Sufficiency of Description.**
> Under G. S. 1894, § 6237, the description in a lien statement of the premises to be charged with a lien, *held* sufficient.

**Same—Surplusage—Exceeding Limit.**
> After rejecting the erroneous part of the description as surplusage, the remaining description covered a tract of land exceeding the statutory limit, but all of it was owned by the lien debtor. *Held*, this did not vitiate the lien, but the court could carve out of such tract a tract within such limit, and adjudge the lien to be upon the same.

Action in the district court for St. Louis county to reform and foreclose a mechanic's lien. Defendant Taylor claimed a lien upon the premises by virtue of two mortgages executed to him by defendant Sanford and wife. The case was tried before Morris, J., who found as facts, among other things, that Taylor received the mortgages with full notice and knowledge that Sanford intended to make the improvements referred to in the opinion, and of the construction of the building on account of which plaintiffs claimed a lien, and of the claims and right of plaintiffs to a lien upon the premises. As conclusion of law, the court found that plaintiffs were entitled to the relief demanded. From an order denying a motion for a new trial, Taylor appealed. Affirmed.

*Jaques & Hudson*, for appellant.
*John Jenswold, Jr.*, for respondents.

CANTY, J. The only question in this case is the sufficiency of the description in the mechanic's lien statement filed in the register's office. The defendant Sanford was the owner of three adjoining city lots known as lots 6, 7, and 8. The plaintiffs performed labor and furnished material for Sanford in the erection of a dwelling house which was built upon and on each side of the dividing line between lots 6 and 7. Lot 6 is west of lot 7. The premises described in the lien statement are the east half of lot 7 and the

1 Reported in 68 N. W. 21.

west half of lot 6, whereas the house is situated on the west half of lot 7 and the east half of lot 6, on which the court below declared a lien to exist for the amount due. G. S. 1894, § 6237 provides:

"The validity of the lien shall not be affected by any inaccuracy in the statement, relating to the property to be charged with it, if such property can be reasonably recognized from the description. * * *"

Under this statute this court has construed descriptions of the premises in such lien statements liberally in favor of the lien. See Russell v. Hayden, 40 Minn. 88, 41 N. W. 456; Northwestern C. & C. P. Co. v. Norwegian-Danish E. L. Seminary, 43 Minn. 449, 45 N. W. 868; Nystrom v. London & N. W. A. Mortgage Co., 47 Minn. 31, 49 N. W. 394; Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063; Bassett v. Menage, 52 Minn. 121, 53 N. W. 1064. By applying the same rule here, we are of the opinion that the description should be held sufficient. It appears on the face of the lien statement and by an inspection of the premises that the description is erroneous. It appears that the two half lots specified are not adjacent, and no house is situated on them, but, on the contrary, they are separated by the other two halves of the same lots on which a dwelling house had just been erected. Then we are of the opinion that the descriptions "east half" and "west half" should be rejected as erroneous and surplusage. It seems to us that a person of ordinary understanding ought to be able to find and recognize the premises intended by the description. It is true that these plaintiffs, at the time during which they were erecting the house in question, were also erecting another house for Sanford on lot 8. But we cannot see that this fact raises a latent ambiguity which renders the description in the lien statement void for uncertainty.

In the description, "lot 6" and "lot 7," sufficient is left to distinguish the house intended. The fact that this description, after rejecting the erroneous part of it as aforesaid, would include two full lots, which might exceed the statutory limit, does not vitiate the lien. Boyd v. Blake, 42 Minn. 1, 43 N. W. 485. The court had a right to carve out a tract within the limit, as it has done.

The order denying a new trial is affirmed.

BUCK, J. I dissent upon the grounds that the description in the lien statement filed was insufficient and did not describe the prem-

ises upon which the dwelling house was erected and for the erection of which the labor was performed and material furnished. I think that such a radical "carving" as is applied in this case to uphold the mechanic's lien is not justified by the facts or the law, and establishes a dangerous precedent.