J. H. DOYLE and Others v. LUELLA T. WAGNER and Others.[1]

March 22, 1907.

Nos. 14,944—(93).

**Mechanic's Lien—Description.**

A description of the premises sought to be charged with a mechanic's lien is sufficient in the affidavit made for that purpose, if it enables an interested person to recognize and locate the property with reasonable certainty. A description giving the correct number of the lot, an erroneous number of the block, and properly describing the addition, together with the number of the building on a street is *held* sufficient.

**Same—Limitation of Foreclosure.**

The action to foreclose a mechanic's lien under Laws 1889, p. 317, c. 200, § 10, must be commenced within one year from the time of furnishing the last item of labor or material. This is construed to mean the last item of material in fact furnished, although that time be not the date stated in the affidavit for a mechanic's lien.

Appeal by plaintiffs from an order of the district court for Ramsey county, Brill, J., sustaining a demurrer to the amended complaint. Reversed.

*Thos. C. Daggett,* for appellants.
*W. H. Williams,* for respondents.

1 Reported in 111 N. W. 275.

JAGGARD, J.

This was an appeal from an order of the district court of Ramsey county sustaining the demurrer of respondents to the amended complaint of the appellants in an action to foreclose an alleged mechanic's lien upon the property of respondents.

The first question concerns the sufficiency of the description of the premises in the lien statement. The correct description was lot 16, block 18, of a given addition. The actual description was a house located on lot 18, block 18, of the addition, properly described, "which is known and described as No. 1153 Ashland avenue." The defendants properly insist that the test of the sufficiency of such a description is this: Is it sufficient to enable one interested to recognize and locate the property with reasonable certainty? The statute expressly provides (section 6237, G. S. 1894) that the validity of the lien shall not be affected by any inaccuracy as to description or name of the owner, provided it can be recognized from the description given. In Northwestern Cement & Concrete Pavement Co. v. Norwegian-Danish E. L. A. Seminary, 43 Minn. 449, 45 N. W. 868, the description referred properly to the plat, but also described the building thereon as being known as "Augsburg Seminary." No such building was situated on the lands. The court held that the premises having been once sufficiently described the addition of a circumstance false or mistaken did not vitiate it. The test there laid down was: "It is enough that the description points out and indicates the premises, so that, by applying it to the land, it could be found and identified." Judged by this test, the present description is valid. In Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063, the lien statement described the building, "known as the 'Hardy Hall,' situated * * * on the northwest quarter of the southwest quarter" of a given section, township, and range. The description was true, except that the basement in question was situated on the N. E., instead of the N. W.; 1/4 of the said S. W. 1/4. This was held sufficient, in view of the well-settled rule of construction previously referred to, and on the further principle "that less certainty of description is required in the case of affidavits for liens than in deeds of conveyance." This was in accordance with the well-settled rule in this court that the description of premises in lien statements is liberally construed in favor of the lien. Evans v. Sanford, 65

Minn. 271, 68 N. W. 21. And see Howe v. Smith, 6 N. D. 432, 71 N. W. 553; Newcomer v. Hutchings, 96 Ind. 119.

The second question is whether the action was commenced within the time limited by statute. The date of furnishing the last item, as given by the statement, was December 14, 1904. The complaint was verified December 20, and filed on December 21, 1905. The summons was served December 22, 1905. The complaint alleges that through inadvertence and mistake the lien statement so specified as the date of the last item an incorrect date, and that the correct date was January 20, 1905. The statute provides that the statement shall contain the first and last dates of furnishing material or labor. It also provides that the action to enforce the lien shall be commenced within one year from the time of furnishing the last item of labor or material. Laws 1889, p. 317, c. 200, § 10. The question then arises whether the statute refers to the true date at which the last item was in actual fact furnished, or whether the lien claimant is bound by his statement as to that date given in his affidavit for lien. We are of opinion that he may in this action show what the true date is, and if the action be brought within a year from the time of that true date, the lien claimant may prevail.

An affidavit for a lien is not a process, a pleading, a judgment, nor a conveyance, but merely a notice of a claim of a mechanic or materialman. Northwestern Cement & Concrete Pavement Co. v. Norwegian-Danish E. L. A. Seminary, 43 Minn. 449, 45 N. W. 868. Statutes governing the foreclosure of a mechanic's lien are remedial in their nature, and hence should be liberally construed. 20 Am. & Eng. Enc. (2d Ed.) 522, 523, contains a statement of the statutes of the various states, in some of which the action is required to be commenced within a given period from the date of filing the lien statement, while in other states the action is to be begun within a given period from the time of furnishing the material and performing the services. In Steinmetz v. St. Paul Trust Co., 50 Minn. 445, 52 N. W. 915, it was held that the action must be commenced within a year from the time the lien accrued; but whether the date of furnishing the last item was the date stated in the lien statement, or the actual lien, was not determined. In Lundell v. Ahlman, 53 Minn. 57, 54 N. W. 936, it was held that the last item stated in the lien statement, if not proved, is not fatal to

the whole claim, provided the statement was filed within the specified time after the last item stated in it and proved. "As the only purpose of requiring the date of the last item to be stated in the lien statement is to show whether it is filed in time, the failure to prove such item cannot be fatal to the entire claim, provided the statement is filed within the specified time after the date of the last item stated in it and proved." It is undoubtedly true that there are authorities which hold that the suit must be brought within the time specified by statute as determined by the date specified in the affidavit as the last day upon which materials were furnished or labor supplied. In all the cases which we have examined, however, the wording of the statute was different from that in the case at bar, and resembles the rule now in force in this state, under section 3515, R. L. 1905: "But no lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of his claim as set forth in the recorded lien statement." In this case no rights of third parties acquired in reliance upon the lien itself had intervened. Coughlan v. Longini, 77 Minn. 514, 80 N. W. 695.

Order reversed.

START, C. J. (dissenting).

I am of the opinion that the limitation of one year, within which an action to enforce a mechanic's lien, begins to run from the date of furnishing the last item of labor or material as fixed by the lien statement filed, and for this reason I dissent from the decision of the court to the contrary.

BROWN, J. (dissenting).

I concur with the Chief Justice.