ATLAS LUMBER COMPANY v. HORMIDAS DUPUIS and Others.[1]

February 20, 1914.

Nos. 18,434, 18,435—(270, 271).

**Mechanic's lien — mistake in description.**
    1. In a mechanic's lien statement the premises to be charged were described as lot 1, block 1 of a certain addition, whereas the improvement was constructed on lot 2, block 1. Both lots were owned by the person to whom the materials were furnished, and together constituted the enclosure appurtenant to the dwelling house constructed. It is *held* that the mistake in the description did not affect the validity of the lien.

**Same — inaccuracy in lien statement.**
    2. A mechanic's lien statement followed the statute in all respects, except that it set forth that the materials were supplied "for the following described improvements," and did not further state "for what improvement"

[1]Reported in 145 N. W. 620.

the materials were supplied. It is *held* that this was an inaccuracy which
under R. L. 1905, § 3549, did not affect the lien.

Action in the district court for Polk county to recover $197.33, to
adjudge the amount a lien upon the premises described in the com-
plaint, and to foreclose the lien by a sale of the premises. Separate
answers were filed by the Workingmen's Building and Loan Associa-
tion of Crookston and the Crookston Lumber Co. The case was tried
before Watts, J., who made findings and ordered judgment in favor
of plaintiff for the amount demanded. From the judgment entered
pursuant to the order for judgment, the Crookston Lumber Co. and
the Workingmen's Building and Loan Association appealed, as
stated in the opinion. Affirmed on the appeal of the building asso-
ciation and reversed on the appeal of defendant lumber company,
with directions to the trial court to amend its conclusions and order
for judgment in accordance with the opinion.

*A. A. Miller, Ole J. Vaule* and *William P. Murphy,* for appel-
lants.

*Martin O'Brien,* for respondent.


BUNN, J.

This is a mechanic's lien action. Defendant Hormidas Dupuis
was the owner of lots 1 and 2, block 1, in Highland Park addition
to the city of Crookston. Plaintiff, Atlas Lumber Co., and defendant
Crookston Lumber Co. each furnished materials to defendant for
the construction of a dwelling house on these lots, which materials
were used in such construction. The trial court held that plaintiff,
Atlas Lumber Co., was entitled to a lien, but that defendant Crooks-
ton Lumber Co. was not. Judgment was entered accordingly. De-
fendant Workingmen's Building and Loan Association, the holder
of a subsequent mortgage on the property, appealed from the judg-
ment in favor of Atlas Lumber Co. and defendant Crookston Lumber
Co. appealed from the judgment that it had no lien. The appeals
involve only the questions of the sufficiency of the respective lien
statements.

1. As to plaintiff's lien. Through mistake and inadvertence the

statement of claim filed described the premises to be charged and on which the building was situated as lot 1 of block 1, whereas the building was actually constructed on lot 2. Lots 1 and 2 are fractional lots less than one acre in area, and together constitute the enclosure appurtenant to the house constructed. The trial court held that this mistake did not defeat the lien and we sustain this conclusion. R. L. 1905, § 3549. Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063; Evans v. Sanford, 65 Minn. 271, 68 N. W. 21; Doyle v. Wagner, 100 Minn. 380, 111 N. W. 275.

2. As to the lien of defendant Crookston Lumber Co. The statement of claim filed stated that the materials were supplied to and for "the following described improvements, by reason of the following facts, to-wit:" It then stated the facts in regard to the purchase of the materials by Dupuis, but wholly failed to further describe or mention the improvement. The trial court held this a fatal defect.

The statute, R. L. 1905, § 3511, provides that the lien statement shall set forth: "2. That such amount is due and owing to the claimant for labor performed, or for skill, material, or machinery furnished, and *for what improvement the same was done or supplied.*" The statement in question said that the materials were furnished for improvements, described the property sought to be charged with the lien, gave the name of the owner, and followed the statute in all respects, except that it failed to state for "what improvement" the materials were supplied. Did this failure affect the validity of the lien? We think this question should be answered in the negative. R. L. 1905, § 3549, provides that "In no case shall the liens given by this chapter be affected by any inaccuracy in the particulars of the lien statement." Prior to the revision, the statute read: "The validity of the lien shall not be affected by any inaccuracy in the statement relating to the property to be charged with it, if such property can be reasonably recognized from the description," nor by any inaccuracy in the statement of the name of the owner or the amount due. G. S. 1894, § 6237; Laws 1889, p. 317, c. 200, § 9. The code simply and plainly states without detail that no inaccuracy in the statement shall affect the lien. The change is by way of not limiting

the inaccuracies to those in the description of the property, the name of the owner, or the amount due.

Clearly if the failure to state "for what improvement" the materials were supplied is an "inaccuracy," the statute settles the question. And we think that this failure or omission may properly be termed an "inaccuracy." It is quite impossible to see how the owner or anybody else could be in doubt, after reading the statement, that the materials were furnished for and used in the construction of a building on the described property. It was not necessary to state that it was a dwelling house, store, or barn. If the word "building" had been used, or any word descriptive to any extent of the improvement, the statement would clearly have been good. It seems too technical to say that, because there was no attempt to state the nature of the improvement, a different result should follow.

It is settled law in this state that "statutes conferring the right of lien are highly remedial in their nature," and that "a liberal construction is demanded, in order that the objects in view in their enactment be not defeated. Recent legislation is all in the direction of doing substantial justice between the parties, without reference to technicalities in any of the preliminary proceedings." Collins, J., in Tulloch v. Rogers, supra; Russell v. Hayden, 40 Minn. 88, 41 N. W. 456; Northwestern C. & C. P. Co. v. Norwegian-Danish E. L. A. Seminary, 43 Minn. 449, 45 N. W. 868; Nystrom v. London & N. W. Am. Mortgage Co. 47 Minn. 31, 49 N. W. 394; Finlayson v. Biebighauser, 51 Minn. 202, 53 N. W. 362; Evans v. Sanford, supra; Doyle v. Wagner, supra.

Under this doctrine of liberal construction as applied in the cases cited and under the language of the present statute, we hold that the lien of defendant Crookston Lumber Co. was not affected by the failure of the lien statement to set forth for what improvement the materials were supplied.

The judgment is affirmed on the appeal of defendant Building and Loan Association, and reversed on the appeal of defendant Crookston Lumber Co., with directions to the trial court to amend its conclusions of law and order for judgment in accordance with this opinion.