## H. S. JOHNSON COMPANY v. P. L. LUDWIGSON AND OTHERS.[1]

### April 22, 1921.

### No. 22,262.

**Mechanic's lien — insufficient description for enforcement.**

1. If, when the false, inaccurate or misleading parts in a mechanic's lien statement are eliminated, there is not a sufficient description left to identify the premises intended to be charged with the lien with reasonable certainty, it cannot serve as the basis of a foreclosure decree.

**Erroneous description of premises.**

2. In the instant case the description and recitals in the lien statement filed, in every particular identified the premises adjoining those intended to be charged with the lien, and nothing in such statement could be construed as describing or identifying the premises for which the material was furnished.

Three actions in the district court for Hennepin county to foreclose mechanic's liens were consolidated and tried together before Leary, J., who made findings and ordered judgments in favor of certain defendants, and a personal judgment in favor of plaintiff H. S. Johnson Company for $771.30 but that said judgment was not entitled to be decreed a specific lien against the premises. The motion of plaintiff H. S. Johnson Company for a new trial, and its motion for amended findings, were denied. From the judgment entered pursuant to the order for judgment in favor of H. S. Johnson Company, that company appealed. Affirmed.

*John A. Nordin,* fer appellant.

*Woodlief Thomas,* for respondents.

Holt, J.

The appeal presents the single question whether the description of the premises in a mechanic's lien statement is fatally defective.

In the spring and summer of 1918, defendant Laura .L. Ludwigson,

[1]Reported in 182 N. W. 619.

then owning the north 82½ feet of lots 1 and 2, lot 3 and lot 4 in block 4 of Thorpe Bros. rearrangement of blocks in Washburn Park, Minneapolis, erected three dwellings thereon. The lots front north on Fiftieth street and the house number of the building on lots 1 and 2 is No. 305 West Fiftieth street, of the one on lot 3 is No. 311 West Fiftieth street, and of the one on lot 4 is 315 West Fiftieth street. The record indicates that the building No. 305 was started shortly before No. 311 and that the advance gained by the earlier start was kept up during the erection. The defendant P. L. Ludwigson was the husband of the owner, and acted as her agent in securing the materials. After the mill work for building No. 305 had been let to another firm, a salesman of plaintiff solicited the mill work contract for the adjoining building, viz., No. 311. P. L. Ludwigson furnished a list of the items needed, which was evidently a duplicate of the list used when the mill work for No. 305 was obtained, for it designated the building in which the items were to be used as that house number. Plaintiff's proposition to furnish the mill work was accepted; the material was furnished, delivered at and used in the erection of the building No. 311 upon lot 3. Misled by the number on the list referred to, the description of the premises in the lien filed by plaintiff in the office of the register of deeds was stated to be "the north 82½ feet of lots one (1) and two (2) in block four (4)," of the addition named, "also known and designated as No. 305 W. 50th St. Minneapolis, Minnesota." It gave the names of the owners as P. L. Ludwigson and Marie S. Campbell.

A few days after the time expired for filing a lien, plaintiff discovered the error and at once began this action to foreclose the lien filed, setting up the mistake and asking to have the lien adjudged upon lot 3. The action was ordered consolidated with others affecting the adjoining buildings, but before trial Campbell, the then owner of the north 82½ feet of lots 1 and 2, insisted upon a discharge and release of that property from plaintiff's lien, and such release was executed and filed.

This court has been liberal in following the direction of the statutory provision that no lien given by law shall be "affected by any inaccuracy in the particulars of the lien statement." G. S. 1913, § 7085. But the statute requires a lien statement to be filed and to contain "a description of premises to be charged, identifying the same with reasonable cer-

tainty." Unless so filed in the office of the register of deeds within 90 days after furnishing the last item, the lien, which attached when the improvement was begun, ceases. G. S. 1913, § 7085. After the lien has ceased to exist, courts have no power to revive or create one by so amending a lien statement, erroneously filed upon another property, that it will describe the property intended.

The rule with respect to what is a sufficient description to satisfy the demands of the statute is this: "If there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient." Phillips, Mechanics' Liens, § 379; Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063; Bassett v. Menage, 52 Minn. 121, 53 N. W. 1064. Tested by that rule the description here fails, for, instead of excluding other premises, it clearly and most accurately describes the one adjacent to the one intended, and excludes the latter. There is not a thing in any part of the lien statement that points to the premises intended. P. L. Ludwigson was not the owner of lot 3 nor was Campbell, but Campbell does appear to have had some interest in lots 1 and 2 when the lien statement was filed. There is nothing to estop the respondent mortgagees from claiming the lien statement to be insufficient. Plaintiff's error was not induced by them or their agent. Indeed, before the expiration of the time for filing a lien, the latter inquired of plaintiff whether its lien had not been filed upon the wrong premises, but plaintiff resented the suggestion of a mistake. On principle there is no distinction to be made between the lien statement in this case, and the one that was held fatally defective in Lingren v. Nilsen, 50 Minn. 448, 52 N. W. 915.

The cases of inaccurate description relied on by plaintiff are all distinguishable from the present in that, when the false, erroneous, or inapplicable parts have been eliminated, there still remains sufficient to identify the property intended, at least, if considered in connection with the location of the building erected. N. W. C. & C. Pavement Co. v. Norwegian-Danish E. L. A. Seminary, 43 Minn. 449, 45 N. W. 868; Tulloch v. Rogers, supra; Bassett v. Menage, supra; Evans v. Sanford, 65 Minn. 271, 68 N. W. 21; Doyle v. Wagner, 100 Minn. 380, 111 N. W. 275; Atlas Lumber Co. v. Dupuis, 125 Minn. 45, 145 N. W. 620; Morri-

son County Lumber Co. v. Duclos, 138 Minn. 20, 163 N. W. 734. In the instant case when the false, or that which describes another property, is eliminated, no description whatever is left. An examination of the ground or buildings erected would give no aid, because there were three dwelling houses being erected at about the same time upon adjoining lots. The statement in the lien even as to owners pointed directly to lots 1 and 2 and not to lot 3.

The situation disclosed at the trial also indicates the impossibility of adjudging a lien. Plaintiff had been forced to release the only property described in the lien statement. For the court now to decree a lien would be to revive a lien after it had ceased to exist, and without even the semblance of a filed lien statement containing a description of the property.

We see no way to relieve plaintiff from the legal consequences of the misdescription of the premises in the lien statement.

The judgment is affirmed.