## HYDRAULIC PRESS BRICK COMPANY AND ANOTHER v. PIERZ CO-OPERATIVE ASSOCIATION.[1]

January 7, 1927.

No. 25,629.

**Mechanic's lien statement fatally defective where property intended to be charged cannot be identified.**

1. The statute requires that a mechanic's lien statement identify with reasonable certainty the property to be charged. Where the description of the property is wholly erroneous and the statement contains nothing which, unaided by knowledge gained from extraneous sources as to the actual use of the materials or labor furnished, will identify the property intended, the statute requiring identification of the property has not been complied with, the lien statement is fatally defective and the lien itself fails.

**When inaccuracies of description may be disregarded.**

2. Inaccuracies of description in a lien statement may be disregarded and the lien sustained only if, after eliminating the inaccurate and misleading parts, there remains in the statement sufficient to identify the premises with reasonable certainty.

Mechanics Liens, 40 C. J. p. 219 n. 39; p. 221 n. 57.

[1]Reported in 211 N. W. 836.

Defendant Pierz Co-Operative Association appealed from a judgment of the district court for Morrison county, Roeser, J. Reversed.

Orr, Stark & Kidder, for appellant.

Rockwood & Mitchell and Briggs, Weyl & Briggs, for respondents.

STONE, J.

Consolidated actions for the foreclosure of two mechanic's liens. Defendant, the owner of the property sought to be charged, appeals from the judgment.

Defendant owns and operates a creamery at Pierz, in Morrison county. The materials, for the price of which the liens are claimed, went into a new creamery building which it erected in the autumn of 1922 and the winter of 1922-1923 upon what counsel designate for convenience as the "new site." Its old building was on the "old site," some 260 feet due east from the new. The old site is an irregular tract of 52 square rods located just outside and east of the platted portion of Pierz. The new site consists of two lots in the platted portion. In the spring of 1923 the old creamery, a frame building, was partially destroyed by fire. Temporary repairs permitted its use until the new building was ready. The materials for which the liens are claimed all went into the new building, having been sold by plaintiffs to the general contractors. The latter having defaulted in payment, a lien statement was filed by each of the plaintiffs.

There is an error common to both of them out of which arises the only issue of this litigation. Because of misinformation received, so it is said, from the register of deeds, the draftsman of the lien statements described the old site by metes and bounds. No reference at all is made to the new site. Otherwise each statement is faultless both as to form and substance. One claims a lien for "building materials" and the other for "materials and brick" furnished to named contractors in the construction for defendant of a creamery building upon the described real estate, the old site. The judgment below rested upon the view that the misdescription was such an inaccuracy as should be disregarded. In consequence

it confirmed the liens and directed foreclosure thereof by sale as provided by statute. If the view so taken is correct, and that is the sole question in the case, the judgment should be affirmed.

While the action to enforce a mechanic's lien is of an equitable nature, the remedy, the lien itself, is of statutory and not equitable origin. Therefore equitable principles may be resorted to only for the purposes of procedure. The statute itself must be looked to for the substantive law. Compare Northland Pine Co. v. Melin Bros. 136 Minn. 236, 161 N. W. 407, 1 A. L. R. 1463. The statute creates the lien and provides that it shall cease at the end of 90 days after the doing or furnishing of the last item of labor or materials, unless within that period the lien statement is filed for record with the register of deeds. G. S. 1923, § 8497. The statement must contain "a description of the premises to be charged, identifying the same with reasonable certainty." Section 8497. It is further provided in § 8558 that in no case shall the lien "be affected by any inaccuracy in the particulars of the lien statement." There is nothing else in the statute of present interest—nothing to permit the amendment of a statement to conform to the facts and nothing indicating that one may be good as against the owner but bad as against another lienor or encumbrancer. There might well be such a distinction as well as the power in the court to permit the reformation in proper cases of defective statements. But so far the legislature has not seen fit to make the distinction or grant the power. Both must come from amendment rather than construction of the statute.

Clearly, the statute requires the statement itself to *identify* the property to be charged with reasonable certainty. Neither of the statements now in question identifies the property at all. They contain nothing which, unaided by extraneous knowledge of the actual use made of the materials referred to, would have enabled a person familiar with the locality to recognize the "new site" as the property to be charged. In other words, the lien statements do not, in and of themselves, attach to the intended premises. Standing alone, they do not identify the tract even to one familiar with the locality.

In that respect they differ from the lien claim involved in Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063, where the description, however erroneous otherwise (and it was not as much so as in the present case), did refer to the one and "certain school building" in question and designated it as "Hardy Hall." There was no other building of that kind or name in the locality.' Hence the use of its name designated with rather precise particularity the improvement to which the lienors had contributed. No such element of certainty is present here for there were two creamery sites owned by defendant. On one was the old creamery on which substantial repairs had been made very recently, necessitated by the fire, already referred to, which had destroyed much of the roof. On the other and new site, a new building was under construction. One with the utmost familiarity with the locality, and nothing more, could not have known from an examination of the statements that they were intended to apply to the new rather than the old site. He would have needed, in order to come to that conclusion, the knowledge, which necessarily would have to come from sources extraneous both to the lien statements and the title records, that the brick and other materials furnished by the claimants had been for the erection of the new building on the new site. To sustain any such erroneous statements we would have to disregard the statutory requirement that the statements identify the property— we would have to make rather than apply law.

Counsel have given the decisions of other states exhaustive consideration. Helpful as it has been, the proper limitations of an opinion prevent our following it even to the extent of reviewing the authorities. There are distinctions of fact and statute to be noted. But no case has been cited which sustains, under a statute requiring as a *condition* of the lien a statement or notice which will identify the property, one which wholly fails in that respect. If in our estimate of any of the cases we are wrong, and one or more of them does go to the extreme necessary for plaintiff's case, we must decline to follow. To do so would continue the liens beyond the point where the statute says they cease. This court has never

gone any farther than it did in Tulloch v. Rogers, supra, in sustaining lien statements against mere inaccuracies. The present is not a case of mere inaccuracy, of error in part, like a false call. The whole description is false. "The error is of the essence of the description" and fatal. Fernandez v. Burleson, 110 Cal. 164, 42 Pac. 566, 52 Am. St. 75.

Among the other Minnesota cases where liens have been sustained as against inaccuracies in the statement are: Russell v. Hayden, 40 Minn. 88, 41 N. W. 456; N. W. C. & C. Pavement Co. v. Norwegian D. E. L. A. Seminary, 43 Minn. 449, 45 N. W. 868; Nystrom v. London & N. W. Am. M. Co. 47 Minn. 31, 49 N. W. 394; Bassett v. Menage, 52 Minn. 121, 53 N. W. 1064; Evans v. Sanford, 65 Minn. 271, 68 N. W. 21; Doyle v. Wagner, 100 Minn. 380, 111 N. W. 275; Atlas Lumber Co. v. Dupuis, 125 Minn. 45, 145 N. W. 620.

Errors of description were held fatal in Lingren v. Nilsen, 50 Minn. 448, 52 N. W. 915, and H. S. Johnson Co. v. Ludwigson, 148 Minn. 468, 182 N. W. 619.

In this last case was expressed what we conceive to be the correct principle of decision under a statute, such as ours, which requires identification of the property but waives mere inaccuracies. It is that an inaccurate statement may be disregarded only if, after eliminating false, inaccurate and misleading parts, there remains in the statement sufficient to identify the intended premises with reasonable certainty. The application of that principle is fatal to both liens now under consideration. It follows that, in so far as it sustains them, the judgment must be reversed.

So ordered.

WILSON, C. J. (dissenting.)

I dissent. Evans v. Sanford, 65 Minn. 271, 68 N. W. 21. The only person interested adversely to the lien was the owner and he was not misled. From the description in the lien the owner could identify the property. If so the description was sufficient. Morrison Co. Lbr. Co. v. Duclos, 138 Minn. 20, 163 N. W. 734.

HOLT, J. (dissenting).

I am inclined to dissent. The premises to be described in the lien statement include the improvement, and in two of the liens this is described as a creamery building erected for the owner by Lovgren & Hagstrom, contractors. There was no other building of that description being erected in the little village at the time, and it was located upon the government subdivision named in the lien statement but outside the metes and bounds given. I think this was an error which under § 8558 should not defeat the lien as against the owner who was in no way prejudiced by the error.