BANCO MORTGAGE COMPANY,
Respondent,

v.

E. G. MILLER ENTERPRISES, INC.,
et al., Defendants,

Neill Plumbing & Heating, Inc., et
al., Appellants,

Minnesota Brick & Tile Company,
Defendant,

and

MINNESOTA BRICK & TILE CO.

v.

E. G. MILLER ENTERPRISES, INC.,
et al.

No. 47497.

Supreme Court of Minnesota.

March 24, 1978.

Peterson & Goodman and Joseph F.
Wieners, Rochester, for appellants.

Briggs & Morgan and Daniel J. Cole, Jr.,
St. Paul, Michaels, Seeger & Rosenblad and
John B. Arnold, Rochester, for Banco.

**PER CURIAM.**

In an action to foreclose a mortgage, several mechanics lien claimants appeal from a summary judgment dismissing their lien claims insofar as they were asserted against the property subject to the mortgage.[1] The trial court found that appellants had not filed liens against this specific property. We affirm.

Sometime before June 26, 1974, E. G. Miller Enterprises, Inc., the owner of the two-lot Candlewood Subdivision in Rochester, Minnesota, began construction of the Candlewood Apartments on the portion of the subdivision (hereafter referred to as the apartment property) described as "Lot 2, Block 1, Candlewood Subdivision, less the West 100 feet thereof." Although Miller originally planned to develop the rest of the subdivision, Lot 1 and the West 100 feet of Lot 2, for commercial uses, Miller is now bankrupt, and this part of the subdivision (hereafter referred to as the commercial property) is unimproved.

On June 26, 1974, Miller obtained a loan of nearly $2.5 million from Banco Mortgage Company (Banco) to finance the apartment project, giving Banco a mortgage on the apartment property as security for the loan. Upon Miller's subsequent default in making the payments required by the loan agree-

---

1. The mortgage foreclosure action was consolidated with a subsequent action to foreclose mechanics liens, but the appeal does not involve the latter action.

ment and mortgage, Banco commenced the foreclosure action in September 1975. Appellants were joined as parties and filed answers and counterclaims alleging timely filing of mechanics lien statements against "Lot One (1), and Block One (1), Candlewood Subdivision," and that Banco "appears to be the owner of a mortgage on the above-described premises as alleged and described in Paragraph 2 of its complaint." Banco filed replies alleging that the court lacked subject-matter jurisdiction over the counterclaims because appellants had failed to comply with the statutory requirements for foreclosure of mechanics liens and alleging that they had failed to state a claim upon which relief could be granted.

Banco then moved for summary judgment and the trial court granted this motion after finding that appellants had not filed liens against the apartment property. In a memorandum, the court explained that in its view "the lien statements are applicable as to the property correctly described therein [the commercial property] and there is no remedy available to the lien claimants."

The statutory requirement which the trial court found had not been satisfied by appellants is that set forth in Minn.St. 514.-08, subd. 2(5), which provides that a lien statement shall set forth a "description of the premises to be charged, identifying the same with reasonable certainty."

The other statute which the parties agree has bearing on the sufficiency of the description required by § 514.08, subd. 2(5), is § 514.74, which provides that liens given by c. 514 shall not "be affected by any inaccuracy in the particulars of the lien statement." This court has interpreted § 514.74 as clearly evincing legislative intent that the mechanics lien statutes be liberally construed and that no more than substantial compliance with their provisions is to be required. Accordingly, appellants urge that under the circumstances of this case their mistake in describing the lot against which they intended to claim a lien as Lot 1 instead of Lot 2 should not defeat their liens. They rely on *Tulloch v. Rogers*, 52 Minn. 114, 53 N.W. 1063 (1892), in which the lien claimants averred in their statement that they had furnished labor and materials in constructing a schoolhouse known as Hardy Hall and that Hardy Hall was situated on the northwest quarter of the southwest quarter in a certain section, town, and county. In fact, the building was on the northeast quarter of the southwest quarter. In holding the description sufficient, this court stated the test to be (52 Minn. 119, 53 N.W. 1064)—

> " * * * that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of other premises, it will be sufficient, and that it is enough that the description as found in the statement points out and indicates the premises so that, by applying it to the land, it can be found and identified."

Appellants rely also on *Evans v. Sanford*, 65 Minn. 271, 68 N.W. 21 (1896); *Doyle v. Wagner*, 100 Minn. 380, 111 N.W. 275 (1907); and *Atlas Lumber Co. v. Dupuis*, 125 Minn. 45, 145 N.W. 620 (1914), all of which involved inaccuracies in description which were held not to invalidate lien statements. We have concluded that these cases do not aid appellants because the precise description of Lot 1—the commercial property—in their lien statements plainly describes that lot to the exclusion of all other property, including the apartment property appellants intended to describe. An unambiguously erroneous description describing the wrong premises to the exclusion of all other property is fatal. *H. S. Johnson Co. v. Ludwigson*, 148 Minn. 468, 182 N.W. 619 (1921); *Hydraulic Press Brick Co. v. Pierz Co-op. Assn.*, 169 Minn. 452, 211 N.W. 836 (1927); *Kuntz v. Partridge*, 65 N.W.2d 681 (N.D.1954); *Duncan Box & Lumber Co. v. Stewart*, 126 W.Va. 871, 30 S.E.2d 391 (1944).

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.