**McCARRON'S BUILDING CENTER, INC., Respondent,**

v.

**Larry D. EINERTSON, et al., Appellants,**

**Manufacturers Hanover Mortgage Corporation, et al., Defendants.**

**No. C8–91–2218.**

Court of Appeals of Minnesota.

April 7, 1992.

---

Kurt M. Anderson, Bergeson, Lander & Megarry, Bloomington, for respondent.

Eric L. Crandall, Cummins, Gervais & Assoc., Bayport, for appellants.

Considered and decided by HARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

McCarron's Building Center, Inc. (the materialman), initiated suit to foreclose a mechanic's lien on the property of Larry and Diane Einertson. The property owners moved for summary judgment, contesting the sufficiency of the pre-lien notice and lien statement.

After the district court denied the motion for summary judgment, the parties stipulated to entry of judgment and counsel for the Einertsons preserved the right to challenge defects in the lien statement on appeal. The district court then found for the materialman and ordered the property sold in satisfaction of the lien.

On appeal the property owners contest the denial of their motion for summary judgment and the decision in favor of the materialman and allege that the materialman provided an insufficient legal description in the mechanic's lien statement. We affirm.

## FACTS

Larry and Diane Einertson are the owners in joint tenancy of a home located in Maplewood, Minnesota. The correct legal description is as follows:

> That part of Lot 1, Block 25 and Lot 2, Block 24, SMITH AND TAYLOR'S ADDITION TO NORTH ST. PAUL, Ramsey County, Minnesota, except * * *.

In May 1989 the property owners signed a contract with Remodeling Plus, Inc., for the remodeling of the home. McCarron's Building Center, Inc., furnished materials for the remodeling in June and July 1989. Remodeling Plus went into bankruptcy and never paid accounts owed to the materialman.

In June 1989 and in August 1989, the materialman served the Einertsons with pre-lien notices. After Remodeling Plus failed to pay the materialman, the latter served the property owners with a mechanic's lien statement and filed it in the office of the county recorder, claiming an amount due of $6,841.52. The legal description set forth in the pre-lien notices and in the lien statement read as follows:

> Lot 1, Block 25 and Lot 2, Block 25, SMITH AND TAYLOR'S ADDITION TO NORTH ST. PAUL.

It is to be noted that this lien statement described the wrong block for Lot 2.

## ISSUES

1. Did the trial court err in denying the property owners' motion for summary judgment and finding for the materialman?

2. Should this court award McCarron's attorney fees on appeal?

## DISCUSSION

### Standard of Review

Rule 56.03 of the Minnesota Rules of Civil Procedure provides that the trial court shall award summary judgment when "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." On appeal from an award of summary judgment, this court's sole function is to determine "(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

When reviewing questions of law, this court need not accord deference to the trial court's determination. *A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977). When the trial court applies the law to undisputed facts, the reviewing court may treat that determination as a matter of law. *Yost v. Millhouse*, 373 N.W.2d 826, 829 (Minn.App.1985). Further, when the lower court applies statutory language to the facts of a case, its conclusion is a matter of law and does not bind this court. *Nhep v. Roisen*, 446 N.W.2d 425, 426 (Minn.App.1989), *pet. for rev. denied* (Minn. Dec. 1, 1989).

### I

The Einertsons argue that the mechanic's lien is invalid because the statement improperly described the property. Generally, the courts liberally construe mechanic's lien laws to protect the rights of those who furnish labor and material for the improvement of real estate. *Minnesota Wood Specialties, Inc. v. Mattson*, 274 N.W.2d 116, 119 (Minn.1978). This court prefers a construction that will sustain the lien to one that will invalidate it. *Id.*

Minn.Stat. § 514.08, subd. 2(5) (1990), requires that a mechanic's lien statement provide "[a] description of the premises to be charged, identifying the same with reasonable certainty." Minn.Stat. § 514.74 (1990) further provides that "[i]n no case shall the liens given by this chapter be affected by any inaccuracy in the particulars of the lien statement."

The supreme court addressed the sufficiency of the description in a lien statement in *Banco Mortgage Co. v. E.G. Miller Enters., Inc.*, 264 N.W.2d 399 (Minn.1978). In *Banco Mortgage* the mechanic's lien statement described the property as "Lot One (1), and Block One (1), Candlewood Subdivision." *Id.* at 400. The correct legal description of the property was "Lot 2, Block

1, Candlewood Subdivision." *Id.* at 399. The court held that the description within the lien statement was not sufficient under the statute.

The court stated:

[I]f there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of other premises, it will be sufficient, and * * * it is enough that the description as found in the statement points out and indicates the premises so that, by applying it to the land, it can be found and identified.

*Id.* at 400 (quoting *Tulloch v. Rogers*, 52 Minn. 114, 119, 53 N.W. 1063, 1064 (1892)). The court further stated that "[a]n unambiguously erroneous description describing the wrong premises to the exclusion of all other property is fatal." *Id.* The court then held that the inaccuracy in the lien statement invalidated the lien

because the precise description of Lot 1—the commercial property—in their lien statements plainly describes that lot to the exclusion of all other property, including the apartment property appellants intended to describe.

*Id.*

In *H.S. Johnson Co. v. Ludwigson*, as in *Banco Mortgage*, the supreme court considered the validity of an erroneous lien statement describing only the premises adjacent to that intended. The court held:

[T]he description here fails, for, instead of excluding other premises, it clearly and most accurately describes the one adjacent to the one intended, and excludes the latter. There is not a thing in any part of the lien statement that points to the premises intended.

*H.S. Johnson Co. v. Ludwigson*, 148 Minn. 468, 470, 182 N.W. 619, 620 (1921). The court distinguished cases in which an erroneous description did not invalidate the lien, noting that in those cases

when the false, erroneous, or inapplicable parts have been eliminated, there still remains sufficient to identify the property intended, at least, if considered in connection with the location of the building erected.

*Id.* The court concluded that, in contrast to those cases, "[i]n the instant case when the false, or that which describes another property, is eliminated, no description whatever is left." *Id.* at 471, 182 N.W. at 620.

The supreme court has upheld an inaccurate lien statement describing *the premises* as "lot 1" where the two lots were fractional lots and together comprised the enclosure of the building which was constructed on lot 2 thereof. *Atlas Lumber Co. v. Dupuis*, 125 Minn. 45, 46–47, 145 N.W. 620, 621 (1914). The court also upheld a lien statement that described the correct lots on which the premises were located, but that also erroneously described two additional lots. *Northwestern Cement & Concrete Pavement Co. v. Norwegian–Danish Evangelical Lutheran Augsburg Seminary*, 43 Minn. 449, 451–52, 45 N.W. 868, 869 (1890).

 In holding that this misdescription did not invalidate the lien, we find it particularly important that the supreme court in *Banco Mortgage* and in *Johnson* emphasized that an erroneous description is fatal only when it plainly describes the incorrect lot and *wholly excludes* the property intended to be liened. The materialman in this case named one of the two correct lots on which the improved property was located. We also note that the affidavit of service contained the correct names and address of the property owners. As a result, any examiner of the title would have notice that a mechanic's lien was claimed on the subject property.

We further find it important that, in a title search, an examiner of title would find two encumbered lots, only one of which was under the Einertsons' ownership. The property is actually located on Lot 1, Block 25, and Lot 2, Block 24. The lien statement describes the property as Lot 1, Block 25, and Lot 2, Block *25*. One searching title would note that the land at the property owners' street address was composed of lots with the same lot numbers as those in the lien statement, but with different block

numbers. An examiner of title thus would be charged with notice of a possible misdescription of part of the liened property.

*Minnesota Title Standards* does not address this problem. We hold that the misdescription in the lien statement did not invalidate the lien. The description did not totally exclude the correct property. An examiner of title would have unequivocal notice that one-half of the property is liened. The examiner would be placed on notice that a lien may be claimed on the entire property and that the apparent clerical error could cause difficulty. The examiner would be required to examine the records further to determine the extent of the apparent error.

Under these circumstances, the notice is adequate, even if the statute governing creation of the lien is strictly interpreted.

## II

 The materialman alleges that it should receive attorney fees on appeal. McCarron's cites as authority Minn.Stat. § 514.10, which sets forth the procedure for applying to release property from a mechanic's lien. This court recently held that section 514.10 does not authorize the award of attorney fees on appeal. *Gardner v. Hatch*, 408 N.W.2d 879, 883 (Minn. App.1987). The sole statutory authority for attorney fees pursuant to foreclosure of a mechanic's lien is Minn.Stat. § 514.14. *Id.*

Minn.Stat. § 514.14 (1990) provides:

Judgment shall be given in favor of each lienholder for the amount demanded and proved, with costs and disbursements to be fixed by the court at the trial.

Further, the supreme court has held that because section 514.14 does not expressly provide for attorney fees on appeal in mechanic's lien cases, such fees are not to be allowed. *Standard Constr. Co. v. National Tea Co.*, 240 Minn. 422, 431, 62 N.W.2d 201, 207 (1953). Accordingly, we deny the materialman's request for attorney fees on appeal.

## DECISION

We hold that because the description in the lien statement correctly identified, in part, the premises to be liened, the description identified the premises with reasonable certainty. The description also provided adequate notice of the encumbrance to an examiner of title. We further hold that the materialman shall not receive attorney fees on appeal.

Affirmed.