## BEN NELSON v. TILLIE SAMPSON AND OTHERS.[1]

June 3, 1932.

No. 28,820.

*Gannon, Strizich & Kleffman,* for appellant.
*Gearhart & d'Autremont,* for respondent.

LORING, J.

Tillie Sampson was the owner of lot 1 of section 21, township 60 north, of range 19 west of the fourth principal meridian, St. Louis county. On this tract of land in the fall of 1929 and during 1930 she or her husband constructed certain buildings in connection with the "White City Resort." The plaintiff is a carpenter and com-

[1]Reported in 243 N. W. 105.

menced work as such on the main building of the resort about the middle of October, 1929, and continued to work thereon until three or four days before Christmas, when he ceased his work until the seventh day of April, 1930. On that date he commenced again and worked until October 4, 1930. During this period he performed other nonlienable work for the Sampsons.

The defendant Northern Finance Company became a mortgagee of the premises December 31, 1929, and its mortgage was recorded March 31, 1930. The plaintiff filed a mechanic's lien statement on the 17th day of December, 1930. He named Henry Sampson, the husband of Tillie, as the owner of the premises and stated that he was engaged by him to perform the work for which he claimed a lien. He described the premises which he sought to subject to his lien as

"the government subdivision, or subdivisions, in section 21, township 60 north, of range 19 west of the fourth principal meridian, in St. Louis county, Minnesota, upon which the said Henry Sampson has erected and now maintains what is known as 'White City Resort,' the exact description of said government subdivision or subdivisions being unknown to claimant but which he believes to be the fractional northeast quarter of said section 21, or some portion thereof."

It appears that lot 1 was in fact a part of the fractional northeast quarter of the section described.

Plaintiff brought suit to foreclose his mechanic's lien, and the trial court found that $350 of plaintiff's lien claim was superior to the mortgage of the Northern Finance Company. That company moved for a new trial and has appealed from the order denying its motion.

■ The appellant asserts that the lien statement is fatally defective because it does not identify with reasonable certainty the property sought to be charged with the lien. We doubt that the appellant could have been misled by anything in this description. The record indicates that it furnished the money it lent to Tillie Sampson on this mortgage for the purpose of financing the construction

of this White City Resort. We think that the property sought to be charged with the lien could be reasonably recognized from the description contained in the statement.

■ It is also claimed that the naming of Henry Sampson as the owner of the property is fatal to the lien. The statute requires only that the name of the owner shall be stated according to the best information then had. Absolute accuracy is not required. The plaintiff dealt with Henry Sampson, though sometimes in the presence of his wife, and very naturally assumed that Henry was the owner of the property. We do not think we go too far in sustaining the finding that the plaintiff complied with the statute in naming Henry Sampson as the owner according to the best information which the plaintiff then had. Prior to the present mechanic's lien law the statute stated that the validity of the lien should not be affected by any inaccuracy in the statement relating to the property charged if such property could reasonably be recognized from the description. Nor was any inaccuracy in the name of the owner or the amount due to affect the validity of the lien. In 1889 this provision in regard to inaccuracy was extended to all particulars of the lien statement. Atlas Lumber Co. v. Dupuis, 125 Minn. 45, 145 N. W. 620. We must assume that the legislative intent was to broaden, not to restrict, the previous provision. The mechanic's lien law is to be liberally construed, and its purposes are not to be defeated by mere technicalities in preliminary proceedings.

■ It is further contended by the appellant that the plaintiff so intermingled his labor which was nonlienable with that which was lienable that the court's finding of the hours of labor which the plaintiff worked at carpenter work on the building is not supported by the evidence. With this contention we do not agree. We think that the plaintiff's testimony as to the number of hours which he performed carpenter work sufficiently supports the court's findings. Nor are we impressed with the contention that the plaintiff knowingly overstated the amount of his claim.

The order appealed from is affirmed.