DUNCAN BOX & LUMBER CO. *v.* RUTH CRICKARD STEWART

(No. 9532)

Submitted April 4, 1944. Decided May 30, 1944.

*A. Maurice Foose,* for appellant.
*Mahan, Bacon & White,* for appellee.

KENNA, JUDGE:

This chancery proceeding was instituted in the Circuit Court of Fayette County by Duncan Box & Lumber Co. against Ruth Crickard Stewart for the purpose of correcting the notices of and enforcing a materialman's lien against Lot 20 in Block D of Charlton Heights, an addition to the Town of Boncar in that county. From a decree sustaining a demurrer to, and dismissing the bill of complaint, this appeal was granted the complainant.

The trial chancellor declined permission to amend the bill of complaint by making the general contractor a party defendant because, in his opinion, the bill of complaint, as so amended, would remain fatally defective, due to its other averments showing plainly that the material furnished by complainant had all been used for

the construction of a building upon land other than that described in the notice of lien served upon the owner and the notice recorded in the county clerk's office under Code, 38-2-11. The bill of complaint alleges that both notices described the property against which the lien was claimed as Lot 19 of Block D, conveyed to Ruth Crickard Stewart by T. L. Falor, Trustee, by deed dated October 19, 1940, and that the improvement was built upon Lot 20 Block D, conveyed to the same owner by the same trustee by deed dated October 2, 1941. Ruth Crickard Stewart owned both lots at the time the building was constructed.

The inchoate lien created by Code, 38-2-4, is required to be perfected and preserved by the service upon the owner of the improved land and the recording in the county clerk's office of notices of lien within the time and in the manner prescribed in Code, 38-2-8.

Unfortunately, there is a disagreement in the decided cases concerning the nature of mechanic's lien statutes, to which those acts granting liens to materialmen are so closely related that they need not be distinguished in considering their nature. The weight of authority, we believe, regards them as being remedial and therefore to be liberally applied, although a number of cases hold that they are in derogation of the common law and therefore to be strictly construed. In either case there are indispensable statutory requirements, including the filing and service of notice, the time during which each is to be performed and the description of the property upon which the improvement has been erected and against which the lien is claimed.

Certainly, an "adequate and ascertainable" description of the land upon which a lien is claimed is essential in order to comply with Code, 38-2-11, and the spirit of our recording acts. The occupation of a lot by a building sufficiently described to be identified if located, without more, is certainly not a description of the land upon which it rests. The statute requires that the buildings be listed and the land described. Furthermore, it plainly

appears from the allegations of the bill of complaint that the description contained in the recorded and served notices is not in the least uncertain. It covers, with exact accuracy, the wrong lot. Most descriptions used in deeds and trust deeds require the aid of extraneous proof for the purpose of identifying the property intended to be conveyed. If that rule could be applied to the specific notices now before us, we would be inclined to hold them sufficient. But it seems quite clear that the application of that principle could not result in merely amplifying or clarifying a description of the improved property contained in the notices, but would definitely result in a direct contradiction thereof. The bill of complaint makes it plain that Ruth Crickard Stewart, at the time of the improvement, was the owner of both Lot 19 and Lot 20 in Block D, and that both were conveyed to her by the same grantor by deeds bearing different dates and separately recorded. The building was placed upon Lot 20. The notices described Lot 19, and referred to the deed by which the owner acquired title. No court can say, in considering a unilateral instrument that accurately describes a certain parcel of real estate by ownership, lot and block number, and derivation, that it is going to relocate the compass of that instrument so as to cause it to fit a different piece of land, neither referred to nor mentioned.

We have examined the citations of authorities contained in the briefs of the appellant and of the appellee, and have been unable to locate authorities exactly in point. The decision of this case, we believe, rests upon the adequacy of the description of the improved property, and that alone. In our opinion the citation of available authorities would be of no great value. As the bill of complaint alleges, there are no subsequent lienors whose property rights might be endangered if the lien were held good. However, before that equitable principle can be invoked in this proceeding, the complainant must show that it has, at least, a *prima facie* valid claim. We do not believe that it has sufficiently complied with the statu-

tory requirements in this respect to entitle it to be heard. Therefore, the order of the Circuit Court of Fayette County is affirmed.

*Affirmed.*